■ The People of the State of New York, Respondent, v Robert Williams, Appellant. [755 NYS2d 15] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered August 22, 2000, as amended October 24, 2000, convicting defendant, after a jury trial, of murder in the second

degree, assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied on the ground that defendant did not establish a prima facie case of purposeful racial discrimination (*see People v Brown*, 97 NY2d 500, 507-508). Defendant's numerical argument was unconvincing, and his efforts to portray various panelists challenged by the prosecutor as having supposedly pro-prosecution backgrounds was unfounded. For example, the one panelist with a relative in law enforcement also had a relative who had been convicted of a felony, imprisoned and deported.

The court's very brief mention, in connection with its identification charge, of the testimony of two witnesses did not unfairly marshal the evidence (*see People v Culhane*, 45 NY2d 757, 758, *cert denied* 439 US 1047).

There was a sufficient foundation for the prosecutor's comment on defendant's failure to call his girlfriend and her father as witnesses (*see People v Alston*, 225 AD2d 453, 454, *lv denied* 88 NY2d 932). The court's instruction, made in response to defendant's objection to the summation comment, and its instruction on the same subject during its main charge, made it clear to the jury that defendant had no obligation to present any evidence, and never suggested that the jury should draw any unfavorable inference from defendant's failure to call witnesses (*see People v Ruine*, 258 AD2d 278, *lv denied* 93 NY2d 929).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Gonzalez, JJ.