**Robert WILLIAMS, Petitioner–Appellant,**

v.

**John BURGE, Superintendent, Auburn Correctional Facility, and Andrew M. Cuomo,\* Attorney General of the State of New York, Respondents–Appellees.**

No. 05–5648–pr.

United States Court of Appeals, Second Circuit.

Nov. 19, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Andrew M. Cuomo is automatically substituted for former Attorney General Eliot L. Spitzer as respondent in this case.

Robert Budner, Legal Aid Society, Criminal Appeals Bureau, New York, NY, for Appellant.

T. Charles Won, Assistant District Attorney (Robert T. Johnson, District Attorney, Joseph N. Ferdenzi, Assistant District Attorney, of Counsel), Bronx, NY, for Appellee.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Robert Williams appeals from an order entered on October 3, 2005, denying his petition for a writ of *habeas corpus*. *Williams v. Burge*, 04 Civ. 2590, 2005 WL 2429445, 2005 U.S. Dist. LEXIS 22245 (S.D.N.Y. Oct. 3, 2005). Following a jury trial, Williams was convicted in Supreme Court, Bronx County, of murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree. He was sentenced to concurrent terms ranging from 2 1/3 to 7 years and 25 years to life. After pursuing unsuccessful appeals through the New York State courts, Williams sought a federal writ of *habeas corpus* on the grounds that his rights under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), were violated. The District Court denied his *habeas* petition.

We assume the parties' familiarity with the facts and procedural history of the case.

The petitioner is black. At his trial, from the first venire of seventeen potential jurors, the prosecution peremptorily challenged five black potential jurors, all of them black. Defense counsel raised a *Batson* challenge. The judge ruled that the challenge was premature. We note that the prosecution indicated its willingness to respond to a *Batson* challenge at that time, the remainder of the jury selection proceeded without a recurrence of the incident, defense counsel failed to make a record of the make-up of the jury that was finally impaneled, it is possible on the record that was made that many, up to a total of eight, black jurors may have served on the jury, and defense counsel never raised the *Batson* issue again. Based on those facts, applying *de novo* review of the district court's denial of the petition for writ of *habeas corpus, Harris v. Kuhlmann*, 346 F.3d 330, 342 (2d Cir.2003), we conclude that the Appellate Division's unanimous affirmance of the petitioner's conviction, *People v. Williams*, 301 A.D.2d 369, 755 N.Y.S.2d 15 (1st Dep't 2003), was not "contrary to, [and did not] involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1).

Accordingly, we **AFFIRM** the judgment of the District Court.