(October 20, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST GOINS, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered March 30, 1987, convicting defendant after a jury trial of criminal sale of a

controlled substance in the fifth degree, and sentencing him to an indeterminate term of from 2 to 4 years' imprisonment, unanimously affirmed.

The *Rosario* rule *(People v Rosario,* 9 NY2d 286), as codified in CPL 240.45, requires the prosecutor in a criminal case to make available to the defense the recorded statement of every prospective witness for the People relating to the subject matter of the witness's testimony. The time for such disclosure, in a jury trial such as this one, is after the jury has been sworn but before opening statements of counsel. Concededly, the record before us contains a facial violation of the rule, in that the prosecutor turned over *Rosario* material after both the People and the defense had rested just before summations. Ordinarily, failure to comply with the strictures of *Rosario* has been regarded as reversible error per se *(People v Ranghelle,* 69 NY2d 56). However, under the special circumstances of this case we find the following question presented: whether the *Rosario* rights of a defendant can be knowingly and intelligently waived by him in a conscious election to pursue a different but clearly chosen line of defense? On the record before us we answer that question in the affirmative.

The format of this case followed the standardized routine of a street buy and bust narcotics prosecution. On March 13, 1986, Police Officer Thomas Hatch, working as an undercover buyer, purchased for $10 20 Valium (a controlled substance) capsules from defendant at 124th Street and Lexington Avenue in Manhattan. Officer Hatch immediately radioed a description of defendant to his backup team. Officer Joseph Greico, a member of that team, promptly arrested defendant near the scene, who was discovered to have an additional supply of Valium with him plus the $10 of prerecorded buy money given to him by Officer Hatch.

At trial, an inconsistency developed in the testimony of the two officers. Hatch said he and the backup team returned to the precinct station after defendant was arrested and remained there until the shift ended. Greico, on the other hand, testified that Hatch as well as the backup team sallied forth to make other buys and arrests that same afternoon.

Both sides rested their case on Thursday, March 5, 1987. Summation and charge was set down for Monday, March 9. That morning, just before summations were to commence, the Assistant District Attorney for the first time apprised the court and defense counsel of her then possession of Officer Hatch's daily activity report (DAR) for March 13, 1986. This

DAR contradicted Hatch's testimony, because it showed that Hatch had gone the same day to two other buy stakeouts after defendant's arrest. The Assistant offered to reopen the case so as to permit further defense cross-examination of Officer Hatch. Understandably, defense counsel declined this offer, urging that he intended to exploit the contradiction between the two police officers in his summation as a general attack on their credibility. Obviously, introduction of or reference to Hatch's DAR would wholly undercut that strategy and would go far to harmonize the testimony of the two officers since it was apparent that Hatch was prepared to use his own DAR to refresh his recollection. Under these circumstances we find an intelligent and knowing waiver of defendant's *Rosario* rights, and that defendant, by rejecting the People's offer, as well as by failing to move for a mistrial, has left the alleged *Rosario* "error" unpreserved and beyond appellate review.

For these reasons we affirm the judgment of conviction. Concur—Murphy, P. J., Sandler, Ross, Kassal and Wallach, JJ.