■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TURCIOS-UMANA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered September 15, 1986, convicting him of rape in the first degree (four counts) and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Initially, we find that the evidence adduced at the suppression hearing demonstrates that the police officer who interviewed the defendant at the precinct was sufficiently trained and experienced in speaking and writing the Spanish language to enable him to properly advise the defendant of his *Miranda* rights and accurately transcribe his confession. Contrary to the defendant's contention, the officer conducting the interview was capable of providing him with an understanding of the police inquiry *(cf., People v Turkenich,* 137 AD2d 363; *People v Medrano,* 133 Misc 2d 811).

Moreover, under the circumstances of this case, we are convinced that no substantial right of the defendant was prejudiced by the delay in production of certain *Rosario*

material *(see, People v Ranghelle,* 69 NY2d 56; *People v Perez,* 65 NY2d 154).* The existence of the crime report was revealed during cross-examination of a prosecution rebuttal witness. Defense counsel did not object to the prosecutor's failure to turn over this document *(see,* CPL 470.05 [2]). Although the discovery of this *Rosario* material presented the opportunity of recalling the complainant to the witness stand to further cross-examine her with respect to her statement to the investigating detective, defense counsel chose not to exercise this right *(cf., People v Goins,* 143 AD2d 593, *lv denied* 73 NY2d 855). Accordingly, the *Rosario* material was made available to defense counsel at the trial in time for its effective presentation for the jury's consideration, if he was so advised *(see, People v Perez,* 65 NY2d 154, 159-160, *supra; People v Plunkett,* 140 AD2d 553, 554).

The defendant's claim that the prosecutor delivered an improper summation is unpreserved for appellate review (CPL 470.05 [2]). Nor is reversal warranted in the interest of justice.

We have reviewed the defendant's remaining contentions, including his claim of excessive sentence, and find them to be without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.