■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR LEON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered August 15, 1990, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond 'a reasonable doubt. The complainant testified that several days prior to the day of the chain-snatching incident, she had seen the defendant emerge from a boarded-up stairwell onto the elevated subway station platform, and she asked the defendant what he was doing in a closed stairwell. The defendant had responded that he had been urinating in the stairwell. On the day of the incident, she also had an opportunity to observe the defendant, and noticed that he had "black spots" on his face and was slightly taller than five feet three inches. A few days after the incident she, again, saw the defendant at the same subway station, and advised the detective who had been assigned to the case of that fact. She also confirmed the identity of the defendant as the robber before he was arrested. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We also find that the delay in furnishing the defense counsel with a copy of the arresting officer's notes pertaining to his interview of the complainant did not prejudice the defendant. Where there has been a delay in furnishing the defendant with Rosario material, reversal is required only if the defense is substantially prejudiced by the delay (see, People v Martinez, 71 NY2d 937; People v Ranghelle, 69 NY2d

56). The prosecution did not know of the existence of the subject notes until the arresting officer testified on cross-examination that he had made notes on the back of the original complaint form when he interviewed the complainant, and that he had submitted the form, which was then filed in the Statistics and Analysis section of the New York City Transit Police Department. The court immediately adjourned the trial and directed the People to ascertain whether the notes still existed. On the morning of the following court date, the People advised the court that they had indeed ascertained that the notes existed. They then immediately furnished the defense counsel with a copy of the notes. The arresting officer was still on the witness stand. The defense counsel cross-examined him as to the taking of the notes and whether the information provided by the complainant during the interview was different from the information contained in the original complaint form, with respect to her description of the perpetrator. The notes also revealed for the first time that the complainant told the arresting officer that there was a second perpetrator involved in the robbery. In view of this information, the court offered defense counsel the opportunity to recall the complainant to the witness stand and cross-examine her with respect to the information contained in the notes. The defense counsel did not avail himself of that opportunity but, instead, moved for a mistrial. Thus, the notes were made available to the defense counsel at the trial in time for its effective presentation for the jury's consideration. The defense counsel could also have recalled the complainant to the stand to cross-examine her with respect to the notes, but he chose not to *(see, People v Turcios-Umana,* 153 AD2d 707; *People v Plunkett,* 140 AD2d 553; *cf., People v Goins,* 73 NY2d 989). Where there has been a *Rosario* violation, the trial court has the discretion to determine the appropriate sanction to impose *(People v Martinez, supra; People v Kelly,* 62 NY2d 516). In the instant case, the information contained in the notes with respect to the description of the perpetrator was similar to that contained in the original complaint form, and no substantial right of the defendant was prejudiced by the delay in producing the *Rosario* material.

We find further that the sentence imposed on the defendant was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or

without merit. Mangano, P. J., Harwood, Miller and Santucci, JJ., concur.