■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SONJA DEES, Appellant. [845 NYS2d 115]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered August 23, 2004, convicting her of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly allowed the People to cross-examine her with respect to her prior conviction for a felony, as she opened the door by giving misleading testimony about the circumstances of that conviction (*see People v Sims,* 245 AD2d 316, 317 [1997]).

The defendant's contention that the trial court gave an unbalanced interested witness charge, by failing to charge that the People's witnesses were interested witnesses while charging that the defendant was an interested witness as a matter of law, is unpreserved for appellate review, as the defendant did not object to the court's charge (*see* CPL 470.05 [2]; *People v Jean-Baptiste,* 37 AD3d 852, 853 [2007]). In any event, the defendant's contention is without merit, as the court instructed the jury that the defendant was an interested witness, and that it was free to find that any witnesses, including the prosecution's witnesses, were interested witnesses (*see People v Lopez,* 1 AD3d 458, 459 [2003]; *People v McCray,* 204 AD2d 490, 491 [1994]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), and giving the prosecution every reasonable infeence to be drawn therefrom (*see People v Lewis,* 64 NY2d 1111, 1112 [1985]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.