■ In the Matter of ANTHONY P., a Person Alleged to be a Juvenile Delinquent, Appellant. [849 NYS2d 910]—

In a juvenile delinquency proceeding pursuant to Family

Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated October 31, 2006, which, upon a fact-finding order of the same court, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree (two counts), unlawful imprisonment in the second degree (two counts), and criminal possession of stolen property in the fifth degree (two counts), adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months for placement at Children's Village. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the late disclosure of certain *Rosario* material (*see People v Rosario*, 9 NY2d 286, 289 [1961], *cert denied* 386 US 866 [1961]; Family Ct Act § 331.4 [1] [a]) during his fact-finding hearing does not require reversal. The appellant failed to demonstrate that he was substantially prejudiced by the delayed disclosure (*see People v Banch*, 80 NY2d 610, 617 [1992]; *People v Chia Yen Yun*, 35 AD3d 494, 495 [2006]) as the Family Court gave the appellant the opportunity to recall certain witnesses for further cross-examination (*see People v Gutierrez*, 273 AD2d 251 [2000]; *People v Farner*, 234 AD2d 561, 562 [1996]; *People v Leon*, 186 AD2d 587, 588 [1992]).

The appellant's remaining contention is unpreserved for appellate review. Spolzino, J.P., Miller, Dillon and McCarthy, JJ., concur.