■ JAVA ENTERPRISES, INC., Respondent, v LOEB, BLOCK & PARTNERS LLP, Defendant, and GIDEON GARTNER et al., Appellants. [853 NYS2d 292]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 21, 2007, which granted plaintiff's motion for summary judgment declaring that defendants were in default on a real estate contract, dismissing defendants' counterclaims, and directing the escrow agent to pay to plaintiff the down payment made by defendants on account of the contract, together with interest, unanimously affirmed, with costs.

Plaintiff demonstrated that the contractual conditions as to the state of the subject apartment were met on the date of the

closing. Upon defendants' cancellation of the October 7, 2004 closing, plaintiff's counsel advised defendants that the apartment had been inspected and found to be broom clean and in good condition, as it had been on the date of the contract of sale. Defendants did not respond to plaintiff's request that they itemize any alleged damage to the apartment. Indeed, defendant Gideon Gartner acknowledged in an affidavit submitted in opposition to plaintiff's motion that when he and his wife signed the contract in August 2004 they had not seen the inside of the apartment for at least eight months, and in a December 14, 2004 facsimile, defendants conceded that they had not inspected the apartment in detail until the date of the closing. The architects' report does not discuss how the condition of the apartment may have changed between the date of contract and the date of closing; it addresses areas of needed improvement that would have been evident on the date of the contract. Lacking any evidence of the state of the apartment on the date of the contract, defendants failed to raise a triable issue whether the condition of the apartment had changed by the time of the closing.

Furthermore, in a November 17, 2004 e-mail, defendants admitted that the reason they would not purchase the apartment was the high cost of renovations, together with their recent financial troubles; they made no mention whatsoever of damage to the apartment. Indeed, defendants conceded that the failure to close rested with them and that as a consequence they were forfeiting their down payment. Contrary to defendants' contention, the November 17, 2004 e-mail is not inadmissible under CPLR 4547, which applies only to offers "to compromise a claim which is disputed"; defendants admitted liability. In any event, in the December 14, 2004 facsimile, defendants similarly admitted that they cancelled the closing because of the expense of remodeling, and they do not claim that the December 14, 2004 facsimile is inadmissible under CPLR 4547.

Defendants are not absolved from liability because plaintiff subsequently sold the apartment to a third party for more than they had agreed to pay for it (*see Johnson v Werner*, 63 AD2d 422, 424 [1978]). Concur—Mazzarelli, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ. [*See* 2007 NY Slip Op 32598(U).]