Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Holdman, J.), rendered November 22, 2010, convicting him of grand larceny in the first degree and repeated failure to file a personal income tax return, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant, an accountant, was convicted of grand larceny in the first degree based on his embezzlement of money from the complainants, and of repeated failure to file a personal income tax return in violation of Tax Law § 1808.
*828 The defendant failed to move, prior to the commencement of trial, to suppress a written statement he had given to the complainants as being involuntarily made, or to show good cause for his failure to challenge the voluntariness of this statement in a timely manner (see CPL 255.20 [1], [3]; 710.40 [1]). Consequently, the defendant waived his right to a judicial determination of his contention that the statement should have been suppressed as being involuntarily made (see CPL 710.70 [3]; People v Selby, 53 AD2d 878 [1976], affd 43 NY2d 791 [1977]; cf. People v Clark, 29 AD3d 918, 919 [2006]).
There is no merit to the defendant’s claim that CPLR 4547 should have barred the introduction into evidence of the written statement and the payments the defendant made to the complainants. Assuming, without deciding, that CPLR 4547 applies to criminal trials, CPLR 4547 only applies to evidence of attempts “to compromise a claim which is disputed” (CPLR 4547). Here, since the defendant, in the statement, admitted that he took the funds without authorization, and acknowledged the amount that he embezzled, the statement and the evidence of payments do not fall within CPLR 4547’s scope of protection (see Nineteen Eighty-Nine, LLC v Icahn, 96 AD3d 603, 606-607 [2012]; Java Enters., Inc. v Loeb, Block & Partners LLP, 48 AD3d 383, 384 [2008]; Alternatives Fed. Credit Union v Olbios, LLC, 14 AD3d 779, 781 [2005]).
The Supreme Court properly excluded from evidence a tax return the defendant purported to have filed the day before he testified at trial. We reject the defendant’s contention that this evidence should have been admitted on the ground of reliability alone, and without a showing that it fit within an established hearsay exception (see People v Nieves, 67 NY2d 125, 131 [1986]).
Contrary to the defendant’s contention, the Supreme Court properly denied his motion to dismiss the count charging repeated failure to file a personal income tax return, made at the close of the People’s case. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant’s guilt of that crime beyond a reasonable doubt (see Tax Law § 1808 [a]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The Supreme Court’s failure to charge the jury that the complainants were interested witnesses, while charging that the defendant was an interested witness, was not improper. The *829 charge was properly balanced, as the court instructed the jury that it was free to find that any witnesses, including the prosecution’s witnesses, were interested (see People v Inniss, 83 NY2d 653, 658-659 [1994]; People v Dees, 45 AD3d 602, 603 [2007]).
The defendant was not deprived of a fair trial by the Supreme Court’s consciousness of guilt charge, since the charge did not specify the factual predicate to the jury and, in any event, conveyed the proper legal standard with respect to evidence of consciousness of guilt (see People v Arriaga, 77 AD3d 846, 847 [2010]; People v Solimini, 69 AD3d 657, 658 [2010]; People v Robinson, 10 AD3d 696 [2004]).
The defendant’s contention with respect to the relevance of the calculations of a tax auditor which were admitted into evidence is without merit.
The defendant’s remaining contentions are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit. Balkin, J.P., Hall, Lott and Miller, JJ., concur.