◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZVI HERSCHMAN, Appellant. [989 NYS2d 340]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered July 30, 2012,

convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant did not preserve for appellate review his present contention that the Supreme Court should have charged the jury that the guilty plea of his employee Jerold Levoritz was not to be considered as evidence of the defendant's guilt (*see* CPL 470.05 [2]; *People v Aleschus*, 55 NY2d 775 [1981]; *People v Mendoza*, 298 AD2d 532 [2002]). In any event, any error in not giving the charge (*see People v Colascione*, 22 NY2d 65, 73 [1968]; *People v Weinberg*, 183 AD2d 932, 934 [1992]; *United States v Prawl*, 168 F3d 622, 626 [2d Cir 1999]), was harmless, as there was overwhelming evidence of the defendant's guilt and no "significant probability . . . that the jury would have acquitted the defendant had it not been for the error" (*People v Gillyard*, 13 NY3d 351, 356 [2009], quoting *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Weinberg*, 183 AD2d at 934).

Similarly unpreserved for appellate review is the defendant's related contention that the Supreme Court gave an unbalanced interested witness charge by failing to charge that Levoritz was an interested witness while charging that the defendant was an interested witness (*see* CPL 470.05 [2]; *People v Dees*, 45 AD3d 602, 603 [2007]). In any event, this contention is without merit. The charge was properly balanced, as the court instructed the jury that it was free to find that any witnesses, including the prosecution's witnesses, were interested (*see People v Newman*, 107 AD3d 827, 828-829 [2013]; *People v Dees*, 45 AD3d at 603; *see People v Inniss*, 83 NY2d 653, 659 [1994]; 1 CJI[NY] 7.03 at 269).

The defendant's remaining contentions are without merit (*see People v Marino*, 99 AD3d 726, 730 [2012]; *Matter of Anthony P.*, 48 AD3d 573 [2008]; *People v Farner*, 234 AD2d 561, 562 [1996]). Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.