■ PATRICIA JULIETTE COLLINS, Appellant, v 628 WEST END LLC, Respondent. [8 NYS3d 275]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered January 30, 2014, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, it is declared that plaintiff is the rightful tenant of the subject apartment, and the matter is remanded for further proceedings consistent herewith.

Plaintiff established her entitlement to judgment as a matter of law based on defendant's breach of the surrender agreement which provided that she "shall have and retain a first right of refusal to lease" the subject apartment when it became available for rent. When the apartment became available in 2011, defendant did not offer her the apartment but instead rented the apartment to a third party. In opposition to plaintiff's motion, defendant failed to raise an issue of fact. To the contrary, after commencement of this action, defendant sent plaintiff a letter offering her a lease for the subject apartment.

Contrary to defendant's argument, its offer to lease the apartment, subsequent to the breach, could not constitute a "first right of refusal" under the terms of the surrender agreement nor was it a "cure" of its breach. Thus, it is of no moment that plaintiff did not accept the purported offer within the time frame provided for in the surrender agreement. We note that defendant's subsequent offer of the apartment to plaintiff does not render this action moot, since it did not settle the additional causes of action raised by plaintiff, including claims for attorneys' fees, renovation of the apartment and moving expenses pursuant to the surrender agreement (*see Matter of Safran v Nau*, 123 AD3d 460 [1st Dept 2014]).

Contrary to plaintiff's argument, CPLR 4547 is inapplicable since the letter offering plaintiff a lease for the apartment is not a settlement document (*see Nineteen Eighty-Nine, LLC v Icahn*, 96 AD3d 603 [1st Dept 2012]). Even if the letter and plaintiff's response were settlement documents, they would not be inadmissible since they were not offered to prove either liability or the value of the claims (*see Java Enters., Inc. v Loeb, Block & Partners LLP*, 48 AD3d 383, 384 [1st Dept 2008]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ.