Abner Properties Company, Petitioner-Landlord-Respondent, 
against
Frederick Goldman, Inc., Respondent-Tenant-Appellant, -and- "XYZ Corp." Respondent-Undertenant.



Tenant appeals from a final judgment of the Civil Court of the City of New York, New York County (Paul A. Goetz, J.), entered January 31, 2017, which, upon an order denying tenant's preanswer motion to dismiss the petition and granting landlord's cross motion for summary judgment, awarded landlord possession and set the matter down for a hearing to determine the amount of rent/use and occupancy and the reasonable value of the attorneys' fees due landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Paul A. Goetz, J.), entered January 31, 2017, affirmed, with $25 costs.
Landlord was properly awarded summary judgment of possession on the holdover petition. The record conclusively establishes that the governing commercial lease agreement, as previously renewed for a five-year term, expired on August 31, 2016. This proceeding was commenced immediately thereafter. 
We reject, as did Civil Court, tenant's contention that it has been a month-to-month tenant since September 2011, and that this lease expiration holdover proceeding must be dismissed because landlord failed to serve a 30-day notice to terminate the monthly tenancy (see Real Property Law § 232-a). The record shows that in July 2010, tenant exercised its option to renew its lease for a five-year term expiring August 31, 2016; tenant thereafter commenced a Supreme Court action against landlord seeking, inter alia, Yellowstone relief, a requirement of which is that tenant holds a valuable commercial lease (see Garland v Titan W. Assoc., 147 AD2d 304, 308 [1989]); the parties actively litigated the Supreme Court action for several years and repeatedly stipulated to extend tenant's time to cure certain alleged lease defaults; tenant affirmatively stated in the underlying holdover proceeding that "it timely exercised its renewal option"; and landlord acknowledges in this proceeding that the lease, as renewed, expired on August 31, 2016. Thus, the record conclusively establishes that tenant occupied the premises pursuant to a written lease expiring on August 31, 2016, and not as a month-to-month tenant. In [*2]this posture, landlord's judicial admissions in the Supreme Court action, now relied upon by tenant, were insufficient to raise any triable issue of fact as to whether tenant was a month-to-month tenant (see Matter of Union Indem. Ins. Co. of NY, 89 NY2d 94, 103 [1996]; Baje Reality Corp. v Cutler, 32 AD3d 307, 310 [2006]; Jerome Prince, Richardson on Evidence § 8-215 [Farrell 11th ed 1995]).
Since it is undisputed that tenant was in possession at the time of the institution of this summary proceeding, its subsequent voluntary vacatur during the pendency of the appeal did not have the effect of depriving the court of jurisdiction (see Mauer-Bach Realty LLC v Gomez, 43 Misc 3d 141[A], 2014 NY Slip Op 50845[U] [App Term, 1st Dept 2014]; Sheldon Terrace v Schneider, 18 Misc 2d 456 [App Term, 2nd Dept 1959]; 3 Robert F. Dolan, Rasch's Landlord & Tenant - Summary Proceedings, § 45:3 at 183 [5th ed 2017]). Nor is the appeal rendered moot, as tenant's vacatur did not resolve the ancillary relief sought by landlord, including attorneys' fees and use and occupancy (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Collins v 628 W. End LLC, 127 AD3d 495 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 27, 2017