*961 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In 1984 the defendant pleaded guilty to grand larceny relating to Medicaid fraud and was sentenced to five months in prison. In connection with the plea he surrendered his license to practice dentistry in this State and sold his office in a local clinic to another dentist. Upon completion of his sentence, in February of 1985, he returned to the clinic and performed certain dental services which led to his being indicted for practicing a profession without a license (Education Law § 6512 [1]). At the trial he introduced evidence that he was still licensed to practice in other States when he performed these services and claimed that he had simply acted as a consultant for a local doctor, which is a permitted activity for a dentist licensed in another State (Education Law § 6610 [5]). The jury found the defendant guilty of two counts and the Appellate Division affirmed.
On this appeal the defendant’s primary contention is that the court’s charge to the jury with respect to the exemption for consulting dentists erroneously placed the burden on him to prove his status as a consultant.
There was evidence adduced at trial that on February 23, 1985, the defendant examined two patients, a mother and daughter, and that he prescribed a course of treatment for the mother and filled a cavity for her daughter. However, the defendant notes that the clinic’s records show only that the patients received dental examinations on that date and claims that the jury could find that he acted lawfully as a consultant if he did nothing more than examine the patients. He also notes that the Legislature has not expressly denominated this exemption as an affirmative defense and argues that the court therefore erred in charging the jury that he had the burden of proving that he acted as a consultant.
Even if, as the defendant contends, the exemption creates an ordinary defense which the People had the ultimate burden of disproving, the defendant had the initial burden of eliciting sufficient facts to raise a colorable claim that he acted only as a consultant (cf., People v Steele, 26 NY2d 526, 528) and in this respect he failed. The practice of dentistry includes performing examinations (Education Law § 6601), and the statute does not create a broad exemption from the licensing requirement that permits dentists licensed in an *962 other State to perform examinations whenever they occur in the office of a physician licensed here. It applies only to consultations, and in the absence of any evidence showing that the examination was for that limited purpose and of that special character, no issue is presented with respect to the exemption. The evidence in this case was merely that the defendant, licensed in another State, performed dental examinations here in the office of a dentist licensed in New York. That simply established a violation of the law and cannot, without more, simultaneously raise the defense. Thus the court’s charge with respect to exemption for consultants, if erroneous, must be deemed to be harmless (cf., People v Lam, Lek Chong, 45 NY2d 64).
We have considered the defendant’s other contentions and agree with the Appellate Division, for the reasons stated in its memorandum, that they do not require a reversal.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Order affirmed in a memorandum.