OPINION OF THE COURT
Stephanie Zaro, J.
The defendant is charged with bail jumping in the third degree (Penal Law § 215.55).
The defendant moves for: (1) dismissal of the accusatory instrument; (2) discovery; (3) a Sandoval hearing; and (4) reservation of rights. The People have filed an affirmation in opposition. The motion is decided as follows:
Dismissal of the Accusatory Instrument
A legally sufficient information must contain nonhearsay allegations establishing, if true, every element of the offense charged and the defendant’s commission thereof. An information that fails to satisfy these requirements is jurisdictionally defective (CPL 100.40 [1]; 100.15 [3]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]).
In reviewing an accusatory instrument for facial sufficiency, “[s]o long as the factual allegations of an information give [the] accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense” the court should give it a “fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]). Furthermore, the Court of Appeals in People v Allen (92 NY2d 378 [1998]) held that at the pleading stage, all that is needed is that the factual allegations are sufficiently evidentiary in character and tend to support the charges.
The relevant section of the complaint is as follows:
“Deponent states that she has examined a certified printout of the CRIMS computer system (attached hereto), which contains the procedural history of a case pending before the New York City Criminal Court that shows the following:
“That, by court order, the defendant Julio C. Villarreal was released from custody and allowed to remain at liberty on his own recognizance or upon bail upon the condition that the defendant subsequently appear personally on September 22, 2008.
*271 “Deponent further states that on 9/22/2008, in Part AP2, in connection with docket number 2008QN033410, a criminal proceeding or action charging the defendant and which is pending before the Criminal Court of the City of New York, the defendant failed to appear personally as required on the date, or within thirty (30) days thereafter.”
Penal Law § 215.55 states that
“[a] person is guilty of bail jumping in the third degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a criminal action or proceeding, and when he does not appear personally on the required date or voluntarily within thirty days thereafter.”
The defendant contends that he was incarcerated during the relevant time period and that his failure to appear was not voluntary. He argues that, as such, “the accusatory instrument is defective, in that the People have failed to allege non-hearsay allegations that the defendant failed to return ‘voluntarily’ within thirty days thereafter when in fact he was a prisoner.” Additionally, he argues that the accusatory instrument should be dismissed both in the interest of justice and “ethical considerations.” The People, in their affirmation in opposition, contend that while the defendant raises a potential affirmative defense in his motion, the fact that a viable defense exists does not negate the facial sufficiency of the accusatory instrument, citing People v Branch (19 Misc 3d 255 [Crim Ct, Queens County 2007]).
Penal Law § 215.59 states that
“[i]n any prosecution for bail jumping ... it is an affirmative defense that:
“1. The defendant’s failure to appear on the required date or within thirty days thereafter was unavoidable and due to circumstances beyond his control; and
“2. During the period extending from the expiration of the thirty day period to the commencement of the action, the defendant either:
“(a) appeared voluntarily as soon as he was able to do so, or
“(b) although he did not so appear, such failure was *272 unavoidable and due to circumstances beyond his control.”
The issue presented is whether Penal Law § 215.59 constitutes a legislative exception or proviso. In People v Santana (7 NY3d 234 [2006]), the Court of Appeals addressed this issue and held that if the criminal statute contains an exception as opposed to a proviso, the accusatory instrument must allege that the crime is not within the exception. As a general rule, the People are required to plead and prove that the exception did not exist at the time the crime was committed. A proviso, on the other hand, may be raised as a defense by the defendant, and if he fails to do so, it is waived. In determining whether a provision constitutes an exception or proviso, various courts have considered several factors. Legislative intent to create an exception has generally been found when the exception is clearly defined and incorporated into the specific statute (see People v Santana [criminal contempt in the second degree requires reference to a separate statute to define “labor disputes.” In addition, it is unreasonable to expect the People to negate each of the alternatively defined labor disputes in the statute; as such it is a proviso and not an exception]; People v Rodriguez, 68 NY2d 674 [1986] [criminal possession of a weapon in the third degree “home or place of business” provision does not require reference to another statute to determine its applicability, as such it is an exception and not a proviso]). In the recent case of People v Archer (NYLJ, May 21, 2007, at 19, col 1), the court, citing the Court of Appeals case of People v Santana and the above-cited cases, held the language included in 21 NYCRR 1050.9 (d) “ 'except in an emergency or when directed to do so by an authority conductor . . .’ to be an exception and not a proviso since it is clear and unambiguous, found within the statute itself, narrow in scope, and not overly burdensome to negate.”
In this case, the court concurs with the Archer decision, and finds the language of Penal Law § 215.59 to be a proviso and not an exception, since it is clearly and unambiguously an affirmative defense that must be raised by the defendant, overly broad in scope (obligating the People to allege facts almost entirely within the defendant’s possession), and as such, burdensome, if not impossible, to negate. Accordingly, the court finds that the allegations are facially sufficient in that they establish or tend to establish that the defendant committed the crime of bail jumping.
With regard to the defendant’s application for dismissal of the accusatory instrument in the interest of justice and ethical *273 considerations, the court finds his arguments without merit and declines to exercise its discretion and grant such motions. Accordingly, the defendant’s motion seeking dismissal of the accusatory instrument is denied.
Discovery
The defendant’s motion seeking discovery is granted to the extent authorized by CPL 240.20 and not previously provided by the People.
Sandoval Motion
The defendant’s Sandoval motion is referred to the trial court for decision.
Reservation of Rights
The defendant’s motion to reserve the right to make further motions is granted to the extent permitted by CPL 255.20 (3).