[5 NYS3d 796]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE
TORRES, Appellant.

Supreme Court, Appellate Term, Second Department,
2d, 11th and 13th Judicial Districts, February 17, 2015

### APPEARANCES OF COUNSEL

*Steven Banks, Legal Aid Society,* New York City (*Denise Fabiano* of counsel), for appellant.

*Charles J. Hynes, District Attorney,* Brooklyn (*Leonard Joblove* and *Victor Barall* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the judgment of conviction is affirmed.

On February 2, 2012, the People charged defendant, in an information, with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). On February 16, 2012, defendant pleaded guilty to the offense and was sentenced to 20 days' incarceration.

On appeal, defendant argues that because possession of a valid prescription represents an exception to the crime of criminal possession of a controlled substance (*see* Penal Law § 220.00 [15]), the failure of the information to allege that he did not possess such a prescription renders the accusatory instrument jurisdictionally defective. The People respond that the prescription exemption is a proviso which need not be pleaded in the accusatory instrument but, rather, is a defense to be raised by the accused, and that, even were it an exception, Public Health Law § 3396 (1) places the burden of proof on the accused to establish the existence of a prescription in any criminal proceeding brought to enforce the Penal Law and the Public Health Law.

For the reasons that follow, we affirm the judgment of conviction.

In *People v Santana* (7 NY3d 234, 237 [2006]), the Court of Appeals emphasized that the determination of whether an

exclusion is "a proviso that the accused may raise in defense of the charge rather than an exception that must be pleaded by the People in the accusatory instrument" is ultimately a matter of legislative intent, and an exemption found "entirely within a Penal Law provision" identifies it as an exception "generally" but not exclusively (*id.*). When applying "the murky contours of 'exceptions' and 'provisos' " (*People v Davis*, 13 NY3d 17, 31 [2009]), it is presumed that the legislature intended that the determination be made as a matter of "common sense and reasonable pleading" (*id.*, citing *People v Devinny*, 227 NY 397, 401 [1919]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes § 211, Comment at 369 ["(T)he distinction between a proviso and an exception will be wholly disregarded, if necessary to give effect to the manifest intention of the Legislature"]). In *Santana*, the Court found the exclusion for labor disputes in Penal Law § 215.50 (3) to be a proviso, in part because the Court did "not believe that the Legislature intended to require the People to negate each of the alternatives specified in [the] Judiciary Law . . . in every criminal contempt accusatory instrument premised on Penal Law § 215.50 (3)" (7 NY3d at 237). Similarly, it would defy common sense to require the People to plead and negate the numerous other exceptions to controlled substance violations that are provided in the Public Health Law, in addition to possession of a valid prescription, or to treat the possession of a valid prescription as the sole exclusion that must be pleaded and negated. Absent a universal registry for prescriptions, as a practical matter, it would be impossible to prove the absence of a prescription.

In *People v Davis* (13 NY3d at 31-32), the Court rejected defendant's claim that, where defendant was charged with an offense in relation to unauthorized presence in a park, and where the sign prohibiting such a presence contained the language "except such sign may be disregarded upon order by [authorized persons]," the People were obligated to plead that there was no such order. In addition to noting that it would be impractical for the People to allege that none of the numerous persons authorized to allow defendant to disregard the sign had done so, the Court of Appeals also stated that whether such authorization had been issued was "uniquely within a defendant's knowledge" (*id.* at 32) and, as a practical matter, uniquely within his or her capacity to prove. This reasoning applies to the case at bar as well.

In light of the foregoing, we need not address the question of the applicability of Public Health Law § 3396 (1) to the Penal Law.

Accordingly, the judgment of conviction is affirmed.

ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.