The People of the State of New York, Respondent,
against
Chanelle Wilkerson, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Linda Poust-Lopez, J.), rendered November 2, 2012, convicting her, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Linda Poust-Lopez, J.), rendered November 2, 2012, affirmed.We find unavailing defendant's challenge to the facial sufficiency of the underlying accusatory instrument. Defendant knowingly waived her right to prosecution by information (see People v Dumay, 23 NY3d 518, 522 [2014]), and the accusatory instrument described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of petit larceny (see Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (see Penal Law § 165.40). In this connection, the factual portion of the misdemeanor complaint and supporting deposition alleged, inter alia, that a police officer observed defendant, who was operating a cash register inside of a Pathmark supermarket, remove "a sum of United States currency from said register" and place the money "inside of her smock pocket." The accusatory instrument further alleged that a security officer at Pathmark, who was the "lawful custodian of said location, merchandise and currency," informed the officer that defendant "did not have permission or authority to take, remove or exercise control over said currency which defendant ... placed inside of her smock pocket." No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke [her] protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]). Defendant's purported "good-faith claim of right" is a defense to be raised at trial, rather than an exception that must be pleaded by the People (see People v Zona, 14 NY3d 488, 492-493 [2010]; see also People v Torres, 47 Misc 3d 24, 25-26 [2015]).
The record fails to support the conclusion that defendant's guilty plea was knowing, intelligent and voluntary, because the court accepted the plea at arraignment without addressing any of the rights defendant was waiving, and there are no circumstances reflecting her consultation with counsel (see People v Conceicao, 26 NY3d 375, 384—85 [2015]; People v Figueroa, 135 AD3d 566 [2016]). Nevertheless, defendant has clarified at oral argument that the only relief she requests is dismissal of the information, and she expressly requests this Court to [*2]affirm her conviction if it does not grant a dismissal. Since it cannot be said that no penological purpose would be served by reinstating the proceedings (see Conceicao at 385 n 1; People v Teron, ___ AD3d ___, 2016 NY Slip Op 03598 [1st Dept 2016]), dismissal is not warranted and therefore we affirm (see People v Diaz, 112 AD3d 423 [2013], lv denied 23 NY3d 1036 [2014]; People v Schweitzer, 83 AD3d 503 [2011], lv denied 17 NY3d 800 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 23, 2016