OPINION OF THE COURT
Steven W. Brockett, J.
The defendant is charged with two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) for allegedly possessing crack cocaine and heroin. The defendant moves to dismiss these counts based upon claims that the accusatory instruments are defective and that there exists a legal impediment to her conviction for the crimes charged.
The first count charges that on December 11, 2016, on North Street in Middletown, the defendant possessed, concealed *372 inside of her clothing, five small bags containing crack cocaine.[1] The second count charges that at the same time and place the defendant possessed a glassine envelope containing heroin. The second count further alleges that “[t]he defendant did possess the presumptive heroin in her front right jacket pocket while suffering an opioid overdose in the ST & S Grocery store.”
An individual commits the crime of criminal possession of a controlled substance in the seventh degree when she
“knowingly and unlawfully possesses a controlled substance; provided, however, that it shall not be a violation of this section . . . when a person’s unlawful possession of a controlled substance is discovered as a result of seeking immediate health care as defined in paragraph (b) of subdivision three of section 220.78 of the penal law, for either another person or him or herself because such person is experiencing a drug or alcohol overdose or other life threatening medical emergency as defined in paragraph (a) of subdivision three of section 220.78 of the penal law” (Penal Law § 220.03).[2]
The defendant first argues that the accusatory instruments are jurisdictionally defective because they fail to allege that the possession was discovered “independent of a call for emergency assistance” (defendant’s notice of omnibus motion ¶ 10). Essentially, the defendant submits that the accusatory instruments must be dismissed because the People have not specifically pleaded the inapplicability of the exclusion contained in Penal Law § 220.03.
The defendant next argues that the accusatory instruments fail standard facial sufficiency analysis and that there exists a legal impediment to her conviction.
X
The initial issue is whether the failure of the People to plead the absence of a medical emergency as delineated in Penal Law § 220.03 renders the accusatory instruments facially insufficient.
*373 “In determining whether certain facts should be pleaded in the accusatory instrument, the courts have focused on whether the language in question [in the relevant Penal Law statute] is an exception or a proviso.
“An exception has been defined as language which absolutely excludes certain matters from its scope. A proviso is a condition or stipulation that qualifies or restrains the general scope of a statute, or prevents misinterpretation” (People v Lobianco, 2 Misc 3d 419, 426-427 [Crim Ct, Kings County 2003] [citations omitted]).
If the statutory language constitutes an exception, the People must plead the absence of the exception in order for the accusatory instrument to be facially sufficient. If the statutory language constitutes a proviso, the People are not required to plead facts that speak to the language. Instead, any such facts may be raised by the defendant as a defense at trial, or as a bar to prosecution. (See People v Santana, 7 NY3d 234 [2006]; People v Alonso-Estevez, 50 Misc 3d 1216[A], 2016 NY Slip Op 50122[U] [Crim Ct, Bronx County 2016]; People v Villarreal, 27 Misc 3d 269 [Crim Ct, Queens County 2009]; People v Lobianco; People v Sylla, 7 Misc 3d 8 [App Term, 2d Dept, 2d & 11th Jud Dists 2005].) The distinction between an exception or proviso is “critical to facial sufficiency analysis” (People v Alonso-Estevez, 2016 NY Slip Op 50122[U], *6).
In determining whether language in a statute is an exception or proviso, the Court of Appeals in People v Santana (7 NY3d 234, 237 [2006]) held that
“[legislative intent to create an exception has generally been found when the language of exclusion is contained entirely within a Penal Law provision. For example, the ‘home or place of business’ exception found in Penal Law § 265.02 (4), defining criminal possession of a weapon in the third degree, does not require reference to another statute to determine its applicability.”
The Court of Appeals found that this exclusion is therefore an exception which must be pleaded by the People (id.).[3]
In contrast, the Court of Appeals explained that the offense of criminal contempt in the second degree, Penal Law § 215.50 *374 (3), which prohibits the intentional disobedience of a mandate of the court except in cases of labor disputes, refers to a separate section of the Judiciary Law to define what types of labor disputes are removed from the offense. Since the Court had to look outside of the statute, it found that the exclusion in the criminal contempt in the second degree statute was a proviso, which had to be raised by the defense (id.).
The Santana Court further explained that when evaluating whether an exclusion in a statute is an exception or proviso, courts should, as “a matter of common sense and reasonable pleading” (id. [internal quotation marks and citation omitted]), determine whether the “ [legislature intended to require the People to negate each of the alternatives specified” (id.). In the case of criminal contempt in the second degree, the Court found that the legislature did not intend to require the People to plead the inapplicability of every exclusion in the relevant Judiciary Law section in all criminal contempt accusatory instruments (id.).
It appears to be a matter of first impression whether the section of Penal Law § 220.03 that bars prosecution of a defendant whose possession of a controlled substance is discovered during a medical emergency is an exception or a proviso. The current Criminal Jury Instruction for this offense states that it is not settled whether the exclusion constitutes “an ‘element’ of the crime to be pleaded and disproved by the People in each case, or whether [it] constitutes a defense to be raised by the defendant in an individual case before the People are required to disprove same” (CJI2d[NY] Criminal Possession of a Controlled Substance in the Seventh Degree n 4; compare CJI2d[NY] Witness or Victim of a Drug or Alcohol Overdose, Penal Law § 220.78).[4]
Therefore, in making this determination, I have looked to opinions of other courts where the issue of exceptions versus provisos was discussed. For example, in People v Becker (13 Misc 3d 492 [Rochester City Ct 2006]), the defendant was charged with criminal possession of a controlled substance in the seventh degree, for allegedly possessing drugs in a car in which he was a passenger. He argued that the accusatory *375 instrument was defective because the People, who relied on the statutory presumption of possession in an automobile contained in Penal Law § 220.25, failed to allege that the statute’s exclusions to the presumption did not apply in the case.[5] The court held that because the exclusions in the presumption statute were not part of Penal Law § 220.03, but were instead components of a separate statute, Penal Law § 220.25, the exclusions were provisos, the absence of which did not have to be pleaded by the People. The court found the accusatory instrument sufficient (id. at 496).
In People v Torres (47 Misc 3d 24 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), the defendant was convicted of criminal possession of a controlled substance in the seventh degree. On appeal, he argued that because a valid prescription would permit an individual to possess that controlled substance, “the failure of the information to allege that he did not possess such a prescription renders the accusatory instrument jurisdictionally defective” (id. at 25). The Appellate Term held that the Public Health Law provides numerous exclusions to prosecutions for criminal possession of a controlled substance in the seventh degree, in addition to possession of a valid prescription, and to require the People to plead and negate them all would “defy common sense” (id. at 26; see also Lobianco at 427).
In People v Villarreal (27 Misc 3d 269 [Crim Ct, Queens County 2009]), the court decided that Penal Law § 215.59, which provides defenses to bail jumping, was a proviso and not an exception to be negated by the People. The court held that the defenses involved facts almost entirely within the defendant’s knowledge and as such would be “burdensome, if not impossible, to negate” (id. at 272).
Based upon a review of these cases, I find that the language in Penal Law § 220.03 precluding prosecution when the controlled substance was discovered as a result of an individual seeking immediate health care for an overdose is a proviso. Therefore, the People are not required to plead the inapplicability of the exclusion in the accusatory instrument.
The exclusionary language in Penal Law § 220.03 is not self-contained, but instead refers to a different section of the Penal *376 Law, Penal Law § 220.78, to define the terms “immediate health care,” “drug or alcohol overdose,” and “life threatening medical emergency.” Moreover, when these terms are defined in Penal Law § 220.78, sections of the Education Law and Public Health Law are also referenced.
Furthermore, the facts supporting this bar to prosecution would often be within the exclusive knowledge of the defendant. The defendant would best know his medical condition or the situation surrounding his call for emergency services. As explained in Torres, if the facts which lead to an exclusion from prosecution are “uniquely within a defendant’s knowledge” it is the defendant’s obligation to prove them (see Torres, 47 Misc 3d at 26). It would be impractical and unduly burdensome to require the People to negate this type of potential factual situation in every prosecution for criminal possession of a controlled substance in the seventh degree.
A review of the legislative history of Penal Law § 220.03 also supports the determination that the exclusion is a proviso.
“It is the intent of the legislature to encourage a witness or victim of a drug or alcohol related overdose to call 911 or seek other emergency assistance in order to save the life of an overdose victim by establishing a state policy of protecting the witnesses or victim from arrest, charge, prosecution, and conviction for drug possession, drug paraphernalia possession, and certain alcohol related offenses. It is not the intent of the legislature to protect individuals from arrest, charge, or prosecution for other offenses, including drug trafficking, or to interfere with law enforcement protocols to secure the scene of an overdose” (2011 McKinney’s Session Law News of NY, ch 154, A 2063-C, § 1 [approved July 20, 2011] [Legislative intent; amending Penal Law to add Penal Law § 220.78]).
It appears that although the legislature was eager to save lives by encouraging individuals to call for help in an overdose situation, the legislature did not intend to routinely forgive criminal possession charges, nor to discourage police officers from making arrests when faced with individuals possessing drugs. Based on this, I find that the defendant bears the burden of raising the facts which would bar prosecution or provide a defense to criminal possession charges.
Accordingly, the defendant’s motion to dismiss the two counts of criminal possession of a controlled substance in the seventh *377 degree because the State did not specifically plead the inapplicability of the exclusion contained in Penal Law § 220.03 is denied. Since the statutory language regarding the discovery of a controlled substance during a medical emergency is a proviso, the People are not required to plead it. Instead, it must be raised by the defendant.
II
As a second basis for dismissal, the defendant argues that the accusatory instruments fail standard sufficiency analysis, and further, that her prosecution for the two criminal possession of a controlled substance in the seventh degree charges is barred because “[t]here exists some other . . . legal impediment to conviction” (CPL 170.30 [1] [f]).
An accusatory instrument is defective when it is not sufficient on its face. For an information to be facially sufficient, it, and any supporting depositions accompanying it, “must allege nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged and must provide reasonable cause to believe that the defendant committed the offense charged” (People v Adekoya, 50 Misc 3d 99, 101 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see also People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]; People v Jones, 44 Misc 3d 127[A], 2014 NY Slip Op 50967 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; CPL 170.35 [1]; 170.30 [1] [a]; 100.40 [1]; 100.15).
The first count, charging that the defendant possessed five bags of crack cocaine concealed upon her person, is facially sufficient. The police officer’s firsthand observations and field test affidavit provide nonhearsay allegations that establish reasonable cause to believe the defendant committed the offense charged. Allegations regarding the medical emergency contained in a separate accusatory instrument cannot be considered in evaluating the sufficiency of the first count. (See People v Thomas, 4 NY3d 143, 146 [2005]; People v Alejandro, 70 NY2d at 135; People v Davis, 31 Misc 3d 142[A], 2011 NY Slip Op 50844[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011].)
The second count, charging that the defendant possessed a glassine envelope containing heroin “while suffering an opioid overdose in the ST & S Grocery store,” arguably fails to satisfy the “reasonable cause” requirement for accusatory instruments.
*378 The factual allegations establish that the heroin was discovered during a medical emergency. However, the exclusion to prosecution contained in Penal Law § 220.03 also requires that the discovery results from the defendant or another person “seeking immediate health care.” Additionally, Penal Law § 220.78 (2) states:
“A person who is experiencing a drug or alcohol overdose or other life threatening medical emergency and, in good faith, seeks health care for himself or herself or is the subject of such a good faith request for health care, shall not be charged or prosecuted for a controlled substance offense.” (Emphasis added.)
The purpose of this exclusion is to encourage victims or witnesses to an overdose to call for medical assistance. An overdose victim possessing drugs who is inadvertently discovered by the police (during the execution of a search warrant, for example) would not be entitled to this exclusion from prosecution.
As the exact circumstances of the discovery of the contraband cannot be determined from the accusatory instrument alone, and because the People need not plead facts establishing that the overdose exclusion is not applicable, the second count appears sufficient.
In this case, however, I find that dismissal due to a legal impediment is appropriate. A legal impediment to conviction is a determination that precludes a finding of guilt as a matter of law (see People v Amerada Hess Corp., 3 Misc 3d 134[A], 2004 NY Slip Op 50451[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). The undisputed facts developed throughout this proceeding establish that the drugs were recovered from the defendant during a medical emergency and in response to a call for medical assistance. Therefore, she may not be convicted of the offenses of criminal possession of a controlled substance in the seventh degree.
The accusatory instruments in this case charge the offenses were committed at the same date, place, and time. In the second count of possession, the accusatory instrument states that the “defendant did possess the presumptive heroin in her front right jacket pocket while suffering an opioid overdose in the ST & S Grocery store.” A third accusatory instrument, not subject to the instant motion to dismiss, charges the defendant with appearance in public under the influence of narcotics or a drug other than alcohol (Penal Law § 240.40). This accusatory *379 instrument alleges that at the same date, time and place as the possession charges, the defendant was “unconscious and unresponsive, and later displayed symptoms indicative of heroin use, including droopy eyelids (ptosis), constricted pupils, drowsiness, depressed reflexes and [she] experienced the ‘nods’ (falling asleep).” This accusatory instrument continues that the defendant displayed these symptoms “which were reversed after [the police officer] administered two 2MG intranasal naloxone doses, which has a sole purpose of reversing the effects of opioids.”
Clearly, at the time the defendant was in possession of the controlled substances, she was suffering from a medical crisis. Moreover, the defendant asserts that the drugs were recovered by the police in response to a call for medical assistance. (See defendant’s notice of omnibus motion ¶ 10.) The People effectively concede this position. Nowhere in their papers do they contradict the defendant’s (nor, indeed the police officer’s) factual assertions regarding the circumstances of the recovery of the contraband.
A core function of a misdemeanor information is to “ensure [ ] that a legally sufficient case can be made against the defendant” (People v Eames, 55 Misc 3d 147[A], 2017 NY Slip Op 50705[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017], quoting People v Dumay, 23 NY3d 518, 522 [2014]). As there is no dispute as to the underlying facts of this case, it is clear that the overdose exclusion to prosecution does apply. The defendant cannot be convicted of the crimes charged.
Accordingly, the two counts of criminal possession of a controlled substance in the seventh degree are hereby dismissed due to a legal impediment to prosecution. (CPL 170.30 [1] [f].)

. This count was originally charged as a felony, criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06), but was subsequently reduced to the instant misdemeanor count by the People.

. This statute also includes another exclusion to prosecution, concerning residual amounts of a controlled substance found in a lawfully possessed syringe. However, this exclusion is not relevant to the facts of the case herein.

. Penal Law § 265.02 (4) has, since Santana, been repealed. The “home or place of business” exception is now found in Penal Law § 265.03 (3), criminal possession of a weapon in the second degree.

. Penal Law § 220.78 (4) states that it is an affirmative defense to a criminal sale offense, when a controlled substance is recovered as a result of an individual seeking health care during a medical crisis. Pursuant to Penal Law § 25.00, the defendant has the burden of proving an affirmative defense by the preponderance of the evidence.

. The presumption of possession of a controlled substance by all individuals in an automobile does not apply to the owner of a car who was driving it for hire; if possession was legally authorized; or if the substance was concealed upon the person of one of the individuals in the automobile. (See Penal Law § 220.25 [1].)