The People of the State of New York, Respondent,
against
Vincent Chudy, Appellant.




Nassau County Legal Aid Society (Tammy Feman and Marquetta Christy of counsel), for appellant.
Nassau County District Attorney (Mary Faldich and Daniel Bresnahan of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (Colin F. O'Donnell, J.), rendered April 7, 2016. The judgments convicted defendant, upon jury verdicts, of driving while ability impaired by drugs and criminal possession of a controlled substance in the seventh degree, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed, and the matter is remitted to the District Court of Nassau County, First District, for further proceedings pursuant to CPL 460.50 (5).
Insofar as is relevant to this appeal, following a jury trial, defendant was convicted of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) for possessing oxycodone. The testimony adduced at trial established that, in May 2014, while defendant had been driving his pick-up truck during his lunch break, he had collided into several parked cars. Defendant was taken to a hospital where he submitted to a blood test, which indicated the presence of oxycodone. In addition, an oxycodone pill was recovered from a metal container which was taken from defendant's person.
Defendant contends that the accusatory instrument charging him with criminal possession [*2]of a controlled substance in the seventh degree for possessing oxycodone is jurisdictionally defective because the possession of oxycodone is not per se unlawful since Penal Law § 220.00 (15) contains an exclusion for the possession of a controlled substance with a valid prescription,[FN1]
and that accusatory instrument failed to set forth facts establishing that no valid prescription existed. However, the exclusion of Penal Law § 220.00 (15) is a proviso, not an exception (see People v Torres, 47 Misc 3d 24, 25-26 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), which may be raised as a defense but need not be pleaded in the accusatory instrument (see People v Santana, 7 NY3d 234, 236-237 [2006]; People v Torres, 47Misc 3d at 26). Consequently, the accusatory instrument is not jurisdictionally defective. 
Defendant failed to preserve for appellate review his contention that the District Court had erroneously excused, prior to voir dire, two prospective jurors and two prospective alternate jurors who were uncertain of their ability to be fair and impartial (see CPL 470.05 [2]; People v Cunningham, 119 AD3d 601 [2014]; People v Umana, 76 AD3d 1111 [2010]). The excusal of these jurors did not constitute a mode of proceedings error which would exempt defendant from the rules of preservation (see People v Cunningham, 119 AD3d at 601; People v Casanova, 62 AD3d 88 [2009]; cf. People v Ahmed, 66 NY2d 307, 310 [1985]). In any event, defendant's contention lacks merit, as the District Court's excusal procedure was an effective screening device and a proper exercise of its discretion (see People v Cunningham, 119 AD3d at 602; People v Umana, 76 AD3d at 1112; People v McGhee, 4 AD3d 485, 486 [2004]). Likewise, there is no merit to defendant's contention that the District Court committed reversible error in denying his attorney's for-cause challenge to a prospective juror, since the defense chose not to exercise its remaining peremptory challenge against that juror and the regular jury was selected prior to the exhaustion of the defense's peremptory challenges (see CPL 270.20 [2]; People v Lynch, 95 NY2d 243, 251-252 [2000]; People v Tieman, 132 AD3d 703, 704 [2015]; People v Steward, 32 Misc 3d 135[A], 2011 NY Slip Op 51465[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). In addition, no reversible error occurs where a challenge for cause was denied and, as in the case at bar, the defense exhausts its last peremptory challenge against a prospective alternate juror, but that alternate juror does not deliberate (see People v White, 297 AD2d 587, 588 [2002]; People v Steward, 32 Misc 3d 135[A], 2011 NY Slip Op 51465[U], *1).
With respect to the criminal possession of a controlled substance in the seventh degree charge, the District Court instructed the jury that "[a] person unlawfully possesses oxycodone when that person has no legal right to possess that substance . . . under our law, as applicable to this case, a person has no legal right to possess without a valid prescription." On appeal, defendant contends that the District Court improperly failed to instruct the jury that, in the first instance, the People had the burden to establish that his possession of oxycodone was unlawful, including that defendant did not have a valid prescription, and that the court improperly denied his request to instruct the jury regarding a pharmacist's obligation to retain prescriptions for five years. 
The record indicates that the District Court instructed the jury that "unlawful" was an element of criminal possession of a controlled substance in the seventh degree, that the People had the burden of proving each and every element of the crimes charged, beyond a reasonable doubt, and that the burden never shifts from the People to the defendant. We note that a jury is presumed to have followed the court's instructions (see People v Stone, 29 NY3d 166, 171 [2017]). In addition, the District Court properly denied defendant's request to instruct the jury regarding a pharmacist's obligation to retain prescriptions for five years, since the only prescription relevant had allegedly been obtained by defendant in 2008 or 2009, and Education Law § 6810 (5), which created the retention obligation, was not enacted until 2013.
The prescription exclusion contained in Penal Law § 220.00 (15) is a proviso which, if a defendant sufficiently raises it at trial as a defense (see People v Torres, 47 Misc 3d at 25-26), the People have the ultimate burden of disproving beyond a reasonable doubt (see Penal Law § 25.00 [1]; People v Gelb, 76 NY2d 959, 961 [1990]; People v McManus, 67 NY2d 541, 546-547 [1986]). However, a "defendant ha[s] the initial burden of eliciting sufficient facts to raise a colorable claim" (People v Gelb, 76 NY2d at 961) that he had a valid prescription for the oxycodone pill. Here, defendant's self-serving, undocumented, testimony that five or six years earlier, in 2008 or 2009, he had a prescription for the pill but did not recall exactly where, or when, he had the prescription filled (cf. People v Reinoso, 135 AD3d 663 [2016]) was insufficient to raise even a colorable claim that he had a prescription as per the proviso contained in Penal Law § 220.00 (15) and, therefore, the People were not required to offer evidence to disprove that defense beyond a reasonable doubt (see Penal Law § 25.00 [1]; People v Gelb, 76 NY2d at 961). In view of the foregoing, the District Court's charge to the jury with respect to the criminal possession of a controlled substance in the seventh degree charge was proper. Likewise, the court properly denied defendant's motion for a trial order of dismissal in regard to the criminal possession of a controlled substance in the seventh degree charge, which had been based on counsel's argument that defendant's possession was not unlawful because he had a prescription.
In order to be found guilty of driving while ability impaired by drugs, the People had to establish, beyond a reasonable doubt, that defendant "operate[d] a motor vehicle while [his] ability to operate such a motor vehicle [was] impaired by the use of a drug" (Vehicle and Traffic Law § 1192 [4]). It is uncontroverted that oxycodone was present in defendant's blood when the incident in question occurred. The police medic who responded to the scene testified that, based on his training as an emergency medical technician, the symptoms he had observed defendant exhibit were consistent with someone who was impaired by oxycodone. The medical [*3]technician's and hospital records stated that defendant had taken an oxycodone pill the morning of the incident. Defendant, who did not remember the accident, testified that the accident had occurred because he had been adversely affected by toxic fumes to which he had been exposed at his welding job prior to his lunch break; that, due to accidents in 2006-2007, he had received multiple injuries and had been prescribed oxycodone and that, as his tolerance to the drug had increased, he had been prescribed various oxycodone-based medications; and that he had not taken any oxycodone on the day of the incident, but had last taken 15 milligrams of oxycodone the night before at about 6:00 p.m. Dr. Borg, who was deemed an expert in forensic toxicology, testified on behalf of defendant that, based on defendant's blood test results and prescription history, it was his opinion that, on the day of the incident, it was not likely that defendant had been impaired by oxycodone.
We find that the evidence adduced at trial, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of driving while ability impaired by drugs. There is no valid line of reasoning and permissible inferences from which a rational trier of fact could have determined that defendant's guilt of driving while ability impaired by drugs was not proven beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]). Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d at 348-349), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict convicting defendant of driving while ability impaired by drugs was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]). We note that defendant raises no contention regarding the legal sufficiency and weight of the evidence with respect to the criminal possession of a controlled substance in the seventh degree charge.
Defendant contends that prosecutorial misconduct deprived him of a fair trial since, during cross-examination, he was asked to characterize the People's witnesses as liars and, during summation, the prosecutor shifted the burden of proof to the defense in regard to the criminal possession of a controlled substance in the seventh degree charge, disavowed the truth of matters previously stipulated to, mischaracterized evidence and testimony, referred to matters not in evidence, improperly told the jurors to use their common sense, repeatedly commented that defendant had lied, and encouraged the jury to convict defendant based on his criminal record. 
A review of the record indicates that defendant's cross-examination argument is unpreserved for appellate review, as no objection was made on these grounds in the District Court (see CPL 470.05 [2]; People v Damon, 78 AD3d 860 [2010]; People v Trujillo, 33 Misc 3d 136[A], 2011 NY Slip Op 52043[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). In any event, defendant's testimony that he had not taken an oxycodone pill on the day of the incident was in direct conflict with testimony provided by the People's witnesses that defendant had taken a pill at 11:00 a.m. on the day of the incident. Such inquiry on cross-examination was warranted "to resolve the competing factual claims, creating the credibility issue" (People v Trujillo, 33 Misc 3d 136[A], 2011 NY Slip Op 52043[U], *1; see also People v Overlee, 236 AD2d 133, 140 [*4][1997]). As to the prosecutor's comments on summation, we find that defendant's arguments are unpreserved for appellate review, since defense counsel either failed to object in the District Court or to raise the specific objections raised on appeal (see CPL 470.05 [2]; People v Montalvo, 34 AD3d 600, 601 [2006]). As to the comments by the prosecutor to which defense counsel did object, we note that the District Court immediately provided the jury with curative instructions. In any event, the District Court's curative instructions to the jury, following which defense counsel did not object and did not request a mistrial, must be deemed to have corrected the error to the satisfaction of the defense (see People v Heide, 84 NY2d 943, 944 [1994]; see also People v Letriz, 157 AD3d 966, 966-967 [2018]; People v Choi, 137 AD3d 808 [2016]), and the jury is presumed to have followed the court's instructions (see People v Mcmanus, 150 AD3d 762, 763 [2017]).
Defendant also argues, in support of his prosecutorial misconduct contention, that the prosecutor adopted a cavalier attitude towards the mathematical and scientific testimony elicited by the defense, which was indicated by the prosecutor's use of the word "milligrams" instead of "micrograms" when referring to the levels of oxycodone in defendant's blood. The record shows that defense counsel objected, arguing that the comments were misleading, and the District Court sustained the objection and instructed the jury that "[i]t's your recollection that controls and how you evaluate the testimony based upon the quality of direct and cross-examination not with what the attorneys say." Thereafter, defense counsel raised his objection again and requested further curative instructions or a mistrial. The District Court denied the requests. In view of the totality of the court's instructions to the jury, including that they only consider witness testimony and that the attorneys' arguments are not evidence, error, if any, was harmless, since there is no significant probability that defendant would not have been convicted but for the error (see People v Crimmins, 36 NY2d 230 [1975]).
Furthermore, defendant failed to preserve his contention that the sentence imposed constituted a penalty for exercising his constitutional right to a jury trial (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Major, 143 AD3d 1155, 1160 [2016]; People v Haskins, 121 AD3d 1181, 1185 [2014]). In any event, we find that the record does not indicate that the sentence was retaliatory rather than being based upon the seriousness of the offense and other relevant sentencing factors. The fact that a sentence imposed after trial is greater than the sentence offered during plea negotiations does not, without more, establish retaliation or vindictiveness (see People v Pena, 50 NY2d 400, 411-412 [1980]; People v Planty, 155 AD3d 1130, 1135 [2017]; People v Major, 143 AD3d at 1160).
Defendant's remaining arguments lack merit.
Accordingly, the judgments of conviction are affirmed. 
The decision and order of this court dated July 12, 2018 (___ Misc 3d ___, 2018 NY Slip Op 51113[U]) is hereby recalled and vacated (see motion decided simultaneously herewith).
MARANO, P.J., GARGUILO and BRANDS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 02, 2018
Footnotes

Footnote 1: Penal Law § 220.00 (15) provides that:
 " 'Prescription for a controlled substance' means a direction or authorization, by means of an official New York State prescription form, a written prescription form or an oral prescription, which will permit a person to lawfully obtain a controlled substance from any person authorized to dispense controlled substances."