■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ALSTON, Appellant. [639 NYS2d 347]

The trial court's comments during the jury voir dire did not deprive defendant of a fair trial. Further, the trial court properly exercised its discretion in denying defendant's challenge for cause to a prospective juror, following inquiry that reconfirmed the individual's ability to properly discharge the responsibilities of a juror (*see, People v Williams*, 63 NY2d 882, 885). We note that there is no indication in the record that any question was raised regarding this individual's impartiality.

The trial court properly permitted some background information regarding a typical buy and bust operation to explain why no money or drugs were recovered from defendant, circumstances that defendant utilized to support his defense of innocent presence (*see, People v Ellsworth*, 176 AD2d 127, *lv denied* 79 NY2d 856), and to provide the jury with an understanding of the activities of the police, whose reliability was a contested issue (*see, People v Almodovar*, 178 AD2d 133, *lv denied* 79 NY2d 943).

Defendant's hearsay claim is unsupported by the record. The testimony that defendant fit the radioed description of a lookout connected with the targeted location was elicited by defense counsel on cross-examination and the prosecutor properly addressed the issue on redirect, which in effect clarified that defendant was accused only of acting in concert to sell the drugs in evidence (*see, People v Regina*, 19 NY2d 65, 78).

Defendant's claim that the prosecutor improperly cross-examined him regarding his post-arrest silence is for the most part unpreserved, and, in any event, unsupported by the record. Where defendant acknowledged that he cooperated with the Criminal Justice Agency interviewer to the extent he deemed appropriate, the fact of his complete omission of the exculpatory circumstances offered at trial was permissible for impeachment purposes as highly probative of the reliability of defendant's testimony (*see, People v Savage*, 50 NY2d 673, 679, *cert denied* 449 US 1016).

The challenged portions of the People's summation constitute appropriate response to the defense summation (*People v Marks*, 6 NY2d 67, 77-78, *cert denied* 362 US 912), and fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument (*People v Galloway*, 54 NY2d 396). Further, as defendant elected to give testimony mentioning uncalled witnesses in support of his claim of innocent presence at the scene, the prosecutor was properly permitted to comment on the absence of those significant witnesses, even though there might have been a question whether the uncalled witnesses were within defendant's control (*see, People v Tankleff*, 84 NY2d 992).

Defendant's additional claims of error are unpreserved by appropriate and timely objection and, in any event, would not warrant reversal.

We perceive no abuse of discretion in sentencing. Concur—Milonas, J. P., Kupferman, Nardelli and Mazzarelli, JJ.