■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RIVERA, Appellant. [766 NYS2d 205]—

Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered March 27, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. The evidence, which established, among other things, that defendant invited the undercover buyer to return for more drugs, warranted the conclusion that defendant was a participant in the drug sale (*People v Bello*, 92 NY2d 523 [1998]).

Defendant's claims concerning the prosecutor's cross-examination of defendant and summation remarks with respect to the absence of a potential defense witness are unpreserved and we decline to review them in the interest of justice. The record does not support defendant's assertion that "the court expressly decided the question raised on appeal" (CPL 470.05 [2]). Were we to review these claims, we would find that there was a sufficient foundation for the cross-examination and comments (*see People v Tankleff*, 84 NY2d 992 [1994]; *People v Alston*, 225 AD2d 453, 454 [1996], *lv denied* 88 NY2d 932 [1996]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Tom, Ellerin and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE VELEZ, Also Known as PAUL BURGOS, Appellant. [766 NYS2d 836]—Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered on or about September 7, 1999, as amended February 22, 2000, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a