[860 NE2d 55, 826 NYS2d 595]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN BROWN, Appellant.

Argued October 19, 2006; decided November 20, 2006

APPEARANCES OF COUNSEL

*Legal Aid Society*, New York City (*Lorca Morello* and *Steven Banks* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Richard L. Sullivan* and *Sandra E. Cavazos* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant was charged with robbery in the third degree and criminal possession of stolen property in the fifth degree, for having forcibly stolen two bottles of body wash from a pharmacy. Complainant, a security officer employed by the store, testified at trial that he observed defendant remove the bottles from a shelf, conceal them in his pants and attempt to leave the store. He further testified that when he tried to stop defendant from leaving the store with the items, defendant punched him twice in the jaw and shoved him against a wall. Defendant was ultimately convicted of robbery in the third degree and sentenced, as a second felony offender, to a term of 2¹/₂ to 5 years.

Defendant contends that the trial court erred by prematurely instructing potential jurors during voir dire on the elements of the crimes for which he was on trial. Contrary to defendant's contention, the trial court, by instructing the jury at the outset as to the elements of the crimes, did not commit a "mode of proceedings" error that went to the essential validity of the process and was so fundamental that the entire trial is irreparably tainted (*see generally People v Agramonte*, 87 NY2d 765, 770 [1996]). Because defendant failed to object before the trial court, his claim is unpreserved for our review (*see People v Gray*, 86 NY2d 10 [1995]).

Defendant's claim that the trial court abused its discretion in its *Sandoval* ruling is without merit, as are his remaining contentions.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed in a memorandum.