THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORRANCE DICKERSON, Appellant. [889 NYS2d 199]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered April 11, 2007, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court properly denied the defendant's request to charge manslaughter in the second degree as a lesser-included offense of murder in the second degree. Viewing the evidence in the light most favorable to the defendant, there was no reasonable view of the evidence that would support a finding that the defendant acted recklessly when he shot the decedent (*see* CPL 300.50 [1]; *People v Wright*, 54 AD3d 695, 696-697 [2008]).

The County Court also properly denied the defendant's request for a justification charge because no reasonable view of the evidence supported such a charge (*see People v Padgett,* 60 NY2d 142, 144-145 [1983]; *People v DeLeon,* 46 AD3d 569, 570

[2007]). According to the defendant's testimony concerning the events, he shot the decedent through a partly-closed door when the decedent was unarmed and stomping on his leg, which was caught between the door and the door jamb. The defendant could not have reasonably believed that the decedent was using, or was about to use, deadly physical force on him at the time of the shooting (*see* Penal Law § 35.15 [2]; *People v Goetz,* 68 NY2d 96, 105-106 [1986]; *People v Bonilla,* 57 AD3d 400 [2008]; *People v Simon,* 56 AD3d 804 [2008]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 643-644 [2006]).

The defendant's motions for a mistrial due to alleged *Rosario* (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) and *Brady* (*see Brady v Maryland,* 373 US 83 [1963]) violations were properly denied (*see* CPL 240.45 [1] [a]; 240.75; *People v Ennis,* 11 NY3d 403, 414 [2008], *cert denied* 556 US —, 129 S Ct 2383 [2009]; *People v Ahmed,* 244 AD2d 415 [1997]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85-86 [1982]). Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.