Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered July 22, 2010, as amended July 29, 2010, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing her to an aggregate term of six months, concurrent with five years’ probation, unanimously affirmed.
The court’s limited justification charge was appropriate under the circumstances of the case when the evidence is viewed in the light most favorable to defendant (see People v Watts, 57 NY2d 299, 301-302 [1982]).
There was no reasonable view that defendant subjectively believed that the use of deadly physical force against her was imminent, or that such a belief would have been objectively reasonable (see People v Goetz, 68 NY2d 96 [1986]). Accordingly, the court properly declined to charge the jury on the justifiable use of deadly physical force.
Under the particular facts, there was no reasonable view that defendant committed second degree assault under a theory of use of a dangerous instrument, as defined in Penal Law § 10.00 (13), but nevertheless did not use deadly physical force as defined in Penal Law § 10.00 (11) (see People v Mickens, 219 AD2d 543 [1995], lv denied 87 NY2d 904 [1995]). Accordingly, the court properly charged the jury on the justifiable use of nondeadly force, but limited that charge to the lesser included offense of third degree assault, which did not require use of a dangerous instrument.
Concur—Acosta, J.P, Moskowitz, Renwick, Freedman and Clark, JJ.