■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH DIMASSI, Appellant. [977 NYS2d 759]—

The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of burglary in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenge to the trial court's interested witness charge is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rivera*, 307 AD2d 369, 369-370 [2003]; *People v Brown*, 209 AD2d 532 [1994]). In any event, the court's charge

in this regard was proper (*see People v Dees*, 45 AD3d 602, 603 [2007]; *People v Varughese*, 21 AD3d 1126, 1128 [2005]; *People v Lopez*, 1 AD3d 458, 459 [2003]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.