█ The People of the State of New York, Respondent, v Kareem Cunningham, Appellant. [988 NYS2d 696]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered December 22, 2010, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the Supreme Court erred in excusing, sua sponte and prior to the voir dire, certain prospective jurors who were uncertain of their ability to be fair and impartial (*see* CPL 470.05 [2]; *People v Umana*, 76 AD3d 1111 [2010]). Contrary to the defendant's contention, the allegedly improper excusal of those jurors did not constitute a mode of proceedings error exempting him from the rules of preservation (*see People v*

*Casanova,* 62 AD3d 88 [2009]; *cf. People v Ahmed,* 66 NY2d 307, 310 [1985]). In any event, this procedure was a proper exercise of the court's discretion (*see People v Umana,* 76 AD3d at 1112; *People v McGhee,* 4 AD3d 485 [2004]; *People v Boozer,* 298 AD2d 261 [2002]; *People v Gayle,* 238 AD2d 133 [1997]).

The defendant contends that he was deprived of the effective assistance of counsel at the time of sentencing. In addition, the defendant contends in his pro se supplemental brief that he asked his trial counsel to amend his omnibus motion to include an application for a hearing pursuant to *People v Lypka* (36 NY2d 210 [1975]) in order to challenge the reliability of certain information broadcast over the police radio. The defendant further contends that his trial counsel failed to honor this request and, thus, provided ineffective assistance.

Where, as here, "some of the defendant's allegations of ineffectiveness involve matters appearing on the record, while others involve matters that are outside the record, the defendant has presented a 'mixed claim[ ]' of ineffective assistance. In order to properly review a defendant's claim of ineffective assistance, a court must consider all of his or her allegations—as well as the evidence, the law, and the circumstances of the case—'in totality.' Thus, where, as here, a defendant presents a mixed claim of ineffective assistance that depends, in part, upon matters that do not appear on the record, it cannot be said that 'sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal' (CPL 440.10 [2] [b]). Therefore, such a mixed claim, presented in a CPL 440.10 motion, is not procedurally barred, and the CPL 440.10 proceeding is the appropriate forum for reviewing the claim of ineffectiveness in its entirety" (*People v Maxwell,* 89 AD3d 1108, 1109 [2011] [some citations omitted]).

The defendant's remaining contentions raised in his pro se supplemental brief are without merit. Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.