THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANZE R. MASON, Appellant. [17 NYS3d 768]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Margulis, J.), rendered December 6, 2012, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's assertion that the trial court should have granted his request for a justification charge is preserved for appellate review. However, the trial court properly declined to charge the jury on the defense of justification since, viewing the record in the light most favorable to the defendant, no reasonable view of the evidence supported such a charge (*see People v Watts*, 57 NY2d 299, 302 [1982]; *People v Syville*, 130 AD3d 658 [2015]; *People v Baranov*, 121 AD3d 706, 707 [2014]; *People v Small*, 80 AD3d 786, 786-787 [2011]; *People v Dickerson*, 67 AD3d 700, 700-701 [2009]). In addition, there was no factual issue for resolution by the jury with respect to whether the defendant used physical force or deadly physical force (*see* Penal Law § 35.15 [1], [2]). The trial court properly determined, in denying the defendant's application for a justification charge, that the defendant used deadly physical force when he struck the complainant in the face with the glass bottle (*see* Penal Law §§ 10.00 [11]; 35.15 [2]; *People v White*, 66 AD3d 585, 586 [2009]; *People v Garcia*, 59 AD3d 211, 212 [2009]; *People v Saenz*, 27 AD3d 379, 380 [2006]; *cf. People v Jones*, 148 AD2d 547, 548-549 [1989]).

Moreover, the jury ultimately convicted the defendant of assault in the second degree (*see* Penal Law § 120.05 [2]) and, therefore, necessarily determined that he used deadly physical force (*see* Penal Law § 10.00 [11], [13]; *People v Grant*, 105 AD3d 676 [2013]; *People v White*, 66 AD3d at 586; *People v Garcia*, 59 AD3d 211, 212 [2009]).

The defendant's contention that he was deprived of a fair trial due to the cumulative effects of improper questions and remarks made by the prosecutor during cross-examination and summation, and the prosecutor's use during summation of a photograph depicting the complainant's injuries, is unpreserved for appellate review (*see People v Mosquero*, 128 AD3d 985 [2015]; *People v Cherry*, 127 AD3d 879, 880 [2015]; *People v Wallace*, 123 AD3d 1151, 1152 [2014]; *People v Floyd*, 97 AD3d 837 [2012]). In any event, the prosecutor's conduct during cross-examination was not improper (*see People v Wongsam*, 105 AD3d 980, 981 [2013]; *People v Peters*, 98 AD3d 587, 589 [2012]; *People v Floyd*, 97 AD3d at 837-838; *People v Gross*, 78 AD3d 1196, 1197 [2010]; *People v Williams*, 13 AD3d 660, 660 [2004]; *People v Rivera*, 292 AD2d 549, 549 [2002]), and most of the challenged summation remarks were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, permissible rhetorical comment, or responsive to defense counsel's summation (*see People v Willis*, 122 AD3d 950, 950 [2014]; *People v Yusuf*, 119 AD3d 619, 620 [2014]; *People v Morales*, 87 AD3d 1165, 1166 [2011]; *People v Umoja*, 70 AD3d 867, 868 [2010]). To the extent that any of the prosecutor's remarks during summation denigrated the defense, they did not rise to the level of egregious misconduct that would have deprived the defendant of a fair trial (*see People v Cherry*, 127 AD3d at 880; *People v Wallace*, 123 AD3d at 1152; *People v Quezada*, 116 AD3d 796, 797 [2014]; *People v Persaud*, 98 AD3d 527, 529 [2012]). Moreover, the disputed photograph was not used for the sole purpose of arousing the emotions of the jurors, and was not so inflammatory as to have deprived the defendant of a fair trial (*see People v Valenko*, 126 AD3d 1020, 1021 [2015]; *People v Dorcinvil*, 122 AD3d 874, 876 [2014]).

Similarly unpreserved for appellate review is the defendant's contention that the trial court gave an unbalanced interested witness charge by failing to charge that the complainant was an interested witness while charging that the defendant was an interested witness (*see* CPL 470.05 [2]; *People v DiMassi*, 113 AD3d 632, 632 [2014]). In any event, this contention is without merit. Evidence that the complainant had commenced a civil action against the defendant was before the jury, and

the jury was instructed to consider the interest or lack of interest of any witness in the outcome of that action and whether any witness had a bias, hostility, or some other attitude that affected the truthfulness of the witness's testimony in the instant criminal matter (*see People v Herschman*, 119 AD3d 813, 814 [2014]; *People v Newman*, 107 AD3d 827, 828-829 [2013]; *People v Williams*, 81 AD3d 993, 994 [2011]; *People v Smith*, 240 AD2d 600, 601 [1997]; *People v Pereda*, 200 AD2d 774, 775 [1994]).

The defendant also failed to preserve for appellate review his contention that he was deprived of a fair trial by an improper remark made by the trial court to the prospective jurors during voir dire (*see* CPL 470.05 [2]; *People v Cunningham*, 119 AD3d 601, 601 [2014]). Contrary to the defendant's contention, the court's alleged misconduct did not constitute a mode of proceedings error exempting him from the rules of preservation (*see People v Brown*, 7 NY3d 880, 881 [2006]; *People v Cunningham*, 119 AD3d at 601-602; *People v Casanova*, 62 AD3d 88, 91-92 [2009]; *People v McDuffie*, 270 AD2d 362 [2000]). In any event, the court's remark to the prospective jurors, while inappropriate, does not warrant reversal (*see People v Bailey*, 66 AD3d 491, 491 [2009]; *People v Daniel*, 37 AD3d 731, 732 [2007]; *People v Alston*, 225 AD2d 453, 454 [1996]).

Finally, considering all of the relevant circumstances of this matter, including the collateral immigration consequences to the defendant, the sentence imposed was not excessive (*see People v Serrano*, 129 AD3d 997 [2015]; *People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Roman, Miller and LaSalle, JJ., concur.