■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON D. SUTTON, Appellant. [57 NYS3d 180]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Margulis, J.), rendered December 3,

2014, convicting him of burglary in the second degree, attempted burglary in the second degree, and criminal facilitation in the fourth degree, upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of 10 years plus 5 years of postrelease supervision on the conviction of burglary in the second degree and 5 years plus 5 years of postrelease supervision on the conviction of attempted burglary in the second degree, and a definite term of imprisonment of 1 year on the conviction of criminal facilitation in the fourth degree, to run concurrently with the consecutively imposed sentences.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant was convicted after a jury trial of burglary in the second degree, attempted burglary in the second degree, and criminal facilitation in the fourth degree, arising out of two separate incidents, one on August 24, 2012, and the other on September 28, 2012. The People presented testimony that during the August incident, the defendant knocked on the front and back doors of a single-family home while a teenage complainant was home alone. The complainant testified that when there was no answer, the defendant pried open the back door and entered the home, but left without taking anything. Surveillance video from a neighbor's house documented the defendant's presence at the scene.

During the September incident, a codefendant was seen approaching the back of another single-family house and shaking the bars covering a window of the house while holding a cell phone to his ear. He did not enter the house. The defendant was observed in front of the house using a cell phone while the codefendant was at the back of the house. When the codefendant came to the front of the house, he was seen making a gesture toward the defendant, and they left the premises walking in the same direction. After being spotted together a few blocks away by police responding to the scene, both the defendant and the codefendant fled from the police in separate directions before they were ultimately apprehended.

The defendant's contention, raised in his main brief and his pro se supplemental brief, that the convictions of attempted burglary in the second degree and criminal facilitation in the fourth degree were not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing

the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt and that he acted with the mental culpability required for attempted burglary in the second degree when he intentionally aided the codefendant (*see* Penal Law §§ 20.00, 110.00, 140.25 [2]; *People v Amico*, 78 AD3d 1190, 1190 [2010]; *People v Roldan*, 211 AD2d 366, 370 [1995], *affd* 88 NY2d 826 [1996]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]).

Contrary to the defendant's contention, raised in his main brief and his pro se supplemental brief, the consolidation of the burglary and attempted burglary charges for trial was proper under CPL 200.20 (2) (b). Evidence from the burglary, which occurred under similar circumstances to the attempted burglary, could be admissible to demonstrate the defendant's intent and to rebut the defendant's argument that his presence at the scene of the attempted burglary was "entirely innocent" (*see* CPL 200.20 [2] [b]; *People v Moore*, 50 AD3d 926, 927 [2008]). The charges were also joinable because they were defined by the same or similar statutory provisions and, consequently, were the same or similar in law (*see* CPL 200.20 [2] [c]; *People v McCrae*, 69 AD3d 759, 760 [2010]). The proof of the crimes was presented separately and uncomplicated, enabling the jury to segregate the evidence.

The defendant's contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during jury selection, his opening statement, and summation is partially unpreserved for appellate review since the defendant failed to object to many of the remarks he now challenges (*see* CPL 470.05 [2]; *People v Flanagan*, 132 AD3d 693, 694 [2015], *affd* 28 NY3d 644 [2017]). In any event, most of the challenged remarks were fair comment on the evidence and fair response to the arguments made by defense counsel in summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Nanand*, 137 AD3d 945, 947-948 [2016]; *People v Willis*, 122 AD3d 950, 950 [2014]). To the extent that several of the prosecutor's

remarks made during summation were improper, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless (*see People v Nanand*, 137 AD3d at 947-948; *People v Roscher*, 114 AD3d 812, 813 [2014]; *People v Walston*, 196 AD2d 903, 904 [1993]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit (*see People v Taylor*, 1 NY3d 174, 176 [2003]; *People v Williams*, 123 AD3d 1152, 1154 [2014], *affd* 29 NY3d 84 [2017]; *People v Brooks*, 89 AD3d 746, 746 [2011]). The record reveals that defense counsel provided meaningful representation (*see People v Taylor*, 1 NY3d at 176; *People v Benevento*, 91 NY2d 708, 712-714 [1998]; *People v Williams*, 123 AD3d at 1154).

The defendant's contention that the Supreme Court improperly denied defense counsel's request for a circumstantial evidence charge is without merit, since the case against him consisted of both direct and circumstantial evidence (*see People v Daddona*, 81 NY2d 990, 992 [1993]; *People v Quinn*, 131 AD3d 710, 711 [2015]; *People v Joseph*, 114 AD3d 878, 879 [2014]).

The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by an improper remark made by the Supreme Court to the prospective jurors during voir dire (*see* CPL 470.05 [2]; *People v Mason*, 132 AD3d 777, 779 [2015]; *People v Cunningham*, 119 AD3d 601, 601 [2014]). Contrary to the defendant's contention, the court's alleged misconduct did not constitute a mode of proceedings error exempting him from the rules of preservation (*see People v Brown*, 7 NY3d 880, 881 [2006]; *People v Mason*, 132 AD3d at 779; *People v Cunningham*, 119 AD3d at 601-602). In any event, the court's remark to the prospective jurors, while inappropriate, does not warrant reversal (*see People v Mason*, 132 AD3d at 779; *People v Bailey*, 66 AD3d 491, 491 [2009]).

The sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contentions raised in his pro se supplemental brief are unpreserved for appellate review and, in any event, without merit. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.