■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS A. PORTER, Appellant. [61 NYS3d 99]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Margulis, J.), rendered May 4, 2015, convicting him of attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of attempted robbery in the third degree for attempting to forcibly steal the complainant's cell phone. The complainant testified that the defendant approached him on a street late at night and asked him for a cigarette, and then a lighter. The complainant told the defendant that he had neither item, and the defendant then asked the complainant if he could borrow his cell phone, because his own cell phone had died. The complainant testified that after he responded that his own cell phone had died, the defendant grabbed his shoulder and threatened him. On appeal, the defendant contends that the Supreme Court improperly admitted evidence that when the defendant was arrested, he was in possession of multiple cell phones and cell phone chargers. Contrary to the defendant's contention, the evidence was properly admitted to show that the defendant's intent was to rob the complainant (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Lockhart*, 12 AD3d 842, 844 [2004]; *People v Cooper*, 238 AD2d 194, 195 [1997]). Moreover, the court providently exercised its discretion in determining that the probative value of the evidence outweighed the risk of undue prejudice to the defendant (*see People v Alvino*, 71 NY2d at 241-242; *People v Harris*, 133 AD3d 880, 881 [2015]).

The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by an improper remark made by the Supreme Court to the prospective jurors

during voir dire (see CPL 470.05 [2]; *People v Sutton*, 151 AD3d 763 [2017]; *People v Mason*, 132 AD3d 777, 779 [2015]; *People v Cunningham*, 119 AD3d 601, 601 [2014]). Contrary to the defendant's contention, the court's remark did not constitute a mode of proceedings error exempting him from the rules of preservation (see *People v Brown*, 7 NY3d 880, 881 [2006]; *People v Sutton*, 151 AD3d 763 [2017]; *People v Mason*, 132 AD3d at 779; *People v Cunningham*, 119 AD3d at 601-602). In any event, the court's remark, while inappropriate, does not warrant reversal (see *People v Sutton*, 151 AD3d 763 [2017]; *People v Mason*, 132 AD3d at 779; *People v Bailey*, 66 AD3d 491, 491 [2009]). Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.