Appeal by the defendant from a judgment of the Supreme Court, Queens County (Margulis, J.), rendered February 6, 2015, convicting him of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s contention that the Supreme Court erroneously charged the jury as to the elements of aggravated unlicensed operation of a motor vehicle in the first degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]; People v Callistro, 146 AD3d 795, 796 [2017]). In any event, that charge, which was consistent with the stipulation of the parties, was not erroneous (see Vehicle and Traffic Law § 511 [2] [a] [iv]; [3] [a] [i]; see also CPL 300.10 [2]; People v Drake, 7 NY3d 28, 33-34 [2006]).
 

 The defendant also failed to preserve for appellate review his contention that he was deprived of his due process rights because of certain improper remarks made by the trial court to prospective jurors during voir dire (see CPL 470.05 [2]; People v Mason, 132 AD3d 777, 779 [2015]; People v Cunningham, 119 AD3d 601, 601 [2014]). Specifically, the Supreme Court stated to prospective jurors that, if they were excused from jury service for lack of English language proficiency, they “may have to take an English course,” as required by the court. Contrary to the defendant’s contention, the court’s misconduct did not constitute a mode of proceedings error exempting him from the rules of preservation (see People v Brown, 7 NY3d 880, 881 [2006]; People v Mason, 132 AD3d at 779; People v Cunningham, 119 AD3d at 601-602; People v Casanova, 62 AD3d 88, 91-92 [2009]; People v McDuffie, 270 AD2d 362 [2000]). However, we take this opportunity to express our strong disapproval of the court’s conduct in issuing these remarks. While we deem the court’s remarks to be inappropriate, under the circumstances of this case, reversal is not warranted (see People v Mason, 132 AD3d at 779; People v Bailey, 66 AD3d 491, 491 [2009]; People v Daniel, 37 AD3d 731, 732 [2007]).
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.