People v Luna (2018 NY Slip Op 01082)





People v Luna


2018 NY Slip Op 01082


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-02164
 (Ind. No. 1287/15)

[*1]The People of the State of New York, respondent,
v
Gerson Luna, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John LaTella, J.), rendered January 28, 2016, convicting him of criminal possession of a forged instrument in the second degree (two counts), grand larceny in the fourth degree (two counts), and unlawful possession of personal identifying information in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by allegedly improper remarks made by the Supreme Court to the prospective jurors during voir dire (see CPL 470.05[2]; People v Dudley, 151 AD3d 878, 879; People v Sutton, 151 AD3d 763, 766; People v Mason, 132 AD3d 777, 779; People v Cunningham, 119 AD3d 601, 601). Contrary to the defendant's contention, the court's alleged misconduct did not constitute a mode of proceedings error exempting him from the rules of preservation (see People v Brown, 7 NY3d 880, 881; People v Dudley, 151 AD3d at 879; People v Sutton, 151 AD3d at 766; People v Mason, 132 AD3d at 779; People v Cunningham, 119 AD3d at 601-602). In any event, the court's remarks to the prospective jurors do not warrant reversal (see People v Dudley, 151 AD3d at 879; People v Sutton, 151 AD3d at 766; People v Mason, 132 AD3d at 779).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court