People v Taylor (2018 NY Slip Op 01489)





People v Taylor


2018 NY Slip Op 01489


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2014-11220
 (Ind. No. 5080/13)

[*1]The People of the State of New York, respondent,
v
Ryan Taylor, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Firetog, J.), rendered December 19, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, raised in his pro se supplemental brief, upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree based upon evidence, inter alia, that the defendant shot the victim in the head once and multiple times in the chest. The defendant was identified by an eyewitness, whose description of the shooter was corroborated by two other witnesses. The defendant also made incriminating statements to, and in the presence of, detectives which statements placed him at the scene of the crime and in possession of a gun, and linked him to a shirt recovered during the investigation which was described by the witnesses as the shirt worn by the shooter. DNA evidence further linked the defendant to the shirt recovered.
The defendant contends that certain comments made by the prosecutor during her summation mischaracterized the defense, vouched for the credibility of the eyewitness and detectives, and speculated on matters outside of the evidence, and that these comments deprived him of his due process right to a fair trial. These arguments are unpreserved for appellate review since the defendant failed to object to these comments at trial (see CPL 470.05[2]; People v Carter, 152 AD3d 786). In any event, the prosecutor's comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defendant's summation, or permissible rhetorical comment (see People v Sutton, 151 AD3d 763; see People v Hawley, 112 AD3d 968).
The defendant also failed to preserve for appellate review his contentions that a witness's testimony regarding DNA analysis was inadmissible because the witness did not perform, [*2]supervise, or observe the DNA testing, that a detective was impermissibly allowed to testify from the DD-5 form that he prepared, and that the prosecutor engaged in misconduct (see CPL 470.05[2]). In any event, these contentions are without merit.
The defendant's contention that he received ineffective assistance of counsel is without merit (see People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
AUSTIN, J.P., ROMAN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court