People v Poullard (2018 NY Slip Op 01940)





People v Poullard


2018 NY Slip Op 01940


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-06659
 (Ind. No. 1242/13)

[*1]The People of the State of New York, respondent,
v
Yves Poullard, appellant.


Paul Skip Laisure, New York, NY (Brian D. Kreykes and Yvonne Shivers of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Matthew Luongo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joel Blumenfeld, J.), rendered July 9, 2015, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the adjudication of the defendant as a second felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial due to improper remarks made by the Supreme Court to prospective jurors during voir dire (see CPL 470.05[2]; People v Dudley, 151 AD3d 878, 879; People v Mason, 132 AD3d 777, 779). Contrary to the defendant's contention, the court's error did not constitute a mode of proceedings error exempting him from the rules of preservation (see People v Brown, 7 NY3d 880; People v Dudley, 151 AD3d at 879; People v Mason, 132 AD3d at 779; People v Cunningham, 119 AD3d 601, 602). In any event, the court's remarks to the prospective jurors, while inappropriate, do not warrant reversal (see People v Dudley, 151 AD3d at 879; People v Mason, 132 AD3d at 779; People v Bailey, 66 AD3d 491; People v Daniel, 37 AD3d 731; People v Alston, 225 AD2d 453).
The defendant's contention that his conviction of credit card fraud in Virginia did not qualify as a predicate New York felony pursuant to Penal Law § 70.06(1)(b)(i) is unpreserved for appellate review (see People v Samms, 95 NY2d 52, 57; People v Smith, 73 NY2d 961; People v Taylor, 132 AD3d 915). However, we exercise our interest of justice jurisdiction to review the issue (see People v Rovinsky, 135 AD3d 969, 970; People v Ballinger, 99 AD3d 931; People v Casey, 82 AD3d 1005). Here, "the People failed to satisfy their burden of establishing that defendant was convicted of an offense in a foreign jurisdiction that is equivalent to a felony in New York" (People v Yancy, 86 NY2d 239, 247; see People v Muniz, 74 NY2d 464; Matter of Luis C., 124 AD3d 109). Accordingly, we vacate the adjudication of the defendant as a second felony offender and the [*2]sentence imposed thereon, and remit the matter to the Supreme Court, Queens County, for resentencing.
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court