People v Wilson (2018 NY Slip Op 05344)





People v Wilson


2018 NY Slip Op 05344


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-09365
 (Ind. No. 2833/13)

[*1]The People of the State of New York, respondent,
v
John Wilson, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, Deborah E. Wassel, and Ayelet Sela of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered August 12, 2015, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court deprived him of his right to present a defense by denying his requests to call a witness of his own choosing and to obtain access to another potential witness is without merit. "The right to present evidence by witnesses of one's own choosing is a fundamental ingredient of due process" (People v Morales, 125 AD2d 605, 606 [internal quotation marks omitted]), and evidence aimed at establishing a motive to fabricate is never collateral and may not be excluded upon that ground (see People v Hoover, 298 AD2d 599). However, where such evidence is too remote or speculative, a trial court may, in the exercise of discretion, exclude it (see People v Monroe, 30 AD3d 616, 618; People v Buonincontri, 18 AD3d 569, 570, affd 6 NY3d 726; People v Hoover, 298 AD2d at 599). Here, the court providently exercised its discretion in denying the defendant's requests (see People v Vankenie, 52 AD3d 849, 850; People v Salas, 23 AD3d 414, 414; People v Peterson, 200 AD2d 450, 450).
The defendant's contention that the prosecutor's summation remarks deprived him of a fair trial because they contained misstatements of law, denigrated the defense, and improperly [*2]appealed to the jury's sympathies is unpreserved for appellate review (see CPL 470.05[2]). The defendant's challenge to the prosecutor's alleged burden-shifting summation comments, raised in the defendant's belated motion for a mistrial, is also unpreserved for appellate review (see People v Rodney, 96 AD3d 880, 880; People v Laguer, 235 AD2d 495, 495). In any event, most of these and the other challenged summation remarks were within the broad bounds of permissible rhetorical comment, a fair response to the defendant's summation, or fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Halm, 81 NY2d 819, 821; People v Negron, 150 AD3d 764, 765; People v Williams, 232 AD2d 669, 669; People v Williams, 144 AD2d 403, 403). To the extent that any remaining challenged remarks were improper, they were not so egregious as to have deprived the defendant of a fair trial (see People v Coleman, 148 AD3d 717, 718; People v Williams, 123 AD3d 1152, 1152, affd 29 NY3d 84; People v Garcia-Villegas, 78 AD3d 727, 728).
The defendant's contention that he was deprived of a fair trial due to improper remarks made by the Supreme Court to prospective jurors during voir dire is unpreserved for appellate review (see CPL 470.05[2]; People v Prokop, 155 AD3d 975, 976; People v Mason, 132 AD3d 777, 779). Contrary to the defendant's contention, the court's conduct did not constitute a mode of proceedings error exempting him from the rules of preservation (see People v Brown, 7 NY3d 880, 881; People v Prokop, 155 AD3d at 976; People v Mason, 132 AD3d at 779; People v Cunningham, 119 AD3d 601, 601-602). In any event, while we strongly disapprove of the court's conduct in making these inappropriate remarks, under the circumstances of this case, reversal is not warranted (see People v Prokop, 155 AD3d at 976; People v Porter, 153 AD3d 857, 858; People v Gomez, 153 AD3d 724, 725; People v Dudley, 151 AD3d 878, 879; People v Sutton, 151 AD3d 763, 766).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court