People v Freire (2019 NY Slip Op 00460)





People v Freire


2019 NY Slip Op 00460


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2014-02217
 (Ind. No. 1162/12)

[*1]The People of the State of New York, respondent,
v
Howard Freire, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered March 3, 2014, convicting him of robbery in the first degree, robbery in the second degree (two counts), attempted robbery in the second degree, assault in the second degree (two counts), criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree, and menacing in the second degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, inter alia, to an indeterminate term of 25 years to life imprisonment on the conviction of robbery in the first degree, with all of the sentences to run concurrently with each other. By decision and order dated January 31, 2018, this Court remitted the matter to the Supreme Court, Queens County, for further proceedings on the defendant's motion pursuant to CPL 330.30 to set aside the verdict based upon alleged ineffective assistance of counsel, and, thereafter, for the issuance of a report of its findings with respect to the motion, and the appeal was held in abeyance in the interim (see People v Freire, 157 AD3d 963). The Supreme Court, Queens County, has filed its report.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of robbery in the first degree from an indeterminate term of 25 years to life imprisonment to an indeterminate term of 20 years to life imprisonment; as so modified, the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of robbery in the first degree and other offenses. Prior to sentencing, the defendant's trial counsel moved pursuant to CPL 330.30 to set aside the verdict as against the weight of the evidence. The Supreme Court denied the motion. However, the defendant's trial counsel subsequently informed the Supreme Court that the defendant had moved, pro se, pursuant to CPL 330.30 to set aside the verdict on the ground of ineffective assistance of counsel. At the sentencing hearing, the defendant's trial counsel informed the Supreme Court that, upon reviewing the motion, he did not adopt it. The Supreme Court declined to review the motion on the basis that it determined that the defendant was not entitled to "hybrid representation." On appeal, this Court held the appeal in abeyance, remitted the matter to the Supreme Court for further proceedings on the defendant's motion, and directed the defendant's appellate counsel to represent the defendant on the motion. Upon remittal from this Court, the [*2]Supreme Court denied the defendant's motion.
Pursuant to CPL 330.30(1), the court, upon motion of the defendant, may set aside or modify the verdict, upon, inter alia, "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court." Contrary to the defendant's contention, the Supreme Court was not required to conduct a hearing with respect to his motion (see People v Strong, 70 AD3d 865, 866; People v Gruttadauria, 46 AD3d 837, 837-838).
Moreover, we agree with the Supreme Court's determination denying appellate counsel's application for an adjournment in order to investigate the contentions made in the defendant's motion. A motion pursuant to CPL 330.30(1) is limited to grounds which appear in the record (see People v Giles, 24 NY3d 1066, 1068; People v McClassling, 143 AD3d 528, 529), and the facts that appellate counsel sought to investigate were dehors the record.
Similarly, we agree with the Supreme Court's determination denying the defendant's motion. The defendant's contention that he was deprived of his right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record. Since it was not evident from matter appearing on the record that the defendant was deprived of the right to the effective assistance of counsel, in order to resolve the defendant's claim of ineffective assistance of counsel, the court would have been required to consider matter outside the record (see People v Crump, 53 NY2d 824; People v Freeman, 93 AD3d 805, 806). Accordingly, the defendant was not entitled to relief pursuant to CPL 330.30(1) (see People v Heron, 130 AD3d 754, 755). Rather, a CPL 440.10 proceeding is the appropriate forum for reviewing the ineffective assistance claim in its entirety (see People v Freeman, 93 AD3d at 806).
The defendant's contention that he was deprived of a fair trial due to improper remarks made by the Supreme Court to prospective jurors during voir dire is unpreserved for appellate review (see CPL 470.05[2]; People v Wilson, 163 AD3d 881, 881; People v Prokop, 155 AD3d 975, 976; People v Mason, 132 AD3d 777, 779). Contrary to the defendant's contention, the court's conduct did not constitute a mode of proceedings error exempting him from the rules of preservation (see People v Brown, 7 NY3d 880, 881; People v Wilson, 163 AD3d at 881; People v Prokop, 155 AD3d at 976; People v Mason, 132 AD3d at 779). In any event, while we strongly disapprove of the court's conduct in making these inappropriate remarks, under the circumstances of this case, reversal is not warranted (see People v Wilson, 163 AD3d at 881; People v Prokop, 155 AD3d at 976; People v Porter, 153 AD3d 857, 858).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree (Penal Law § 160.10) and both counts of assault in the second degree (Penal Law § 120.05[2]) beyond a reasonable doubt. Contrary to the defendant's contentions, the evidence was legally sufficient to prove that the victim sustained "physical injury" within the meaning of Penal Law § 10.00(9) (see People v Chiddick, 8 NY3d 445, 447; People v Webster, 140 AD3d 1196, 1197; People v Uceta, 127 AD3d 1002, 1002; People v Martinez, 116 AD3d 983, 984; People v Jaen, 116 AD3d 975, 975).
The defendant's contention that he was deprived of a fair trial as a result of the Supreme Court's instruction to the jury regarding the People's burden of proving guilt beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Coles, 62 AD3d 1022, 1023). In any event, the defendant's contention lacks merit. Where, as here, "the jury instructions, on the whole, conveyed the correct standard to be employed with respect to the burden of proof, including reasonable doubt,'" they are not constitutionally inadequate (People v King, 73 AD3d 1083, 1084; see People v Hoffman, 122 AD3d 945, 946; People v Coles, 62 AD3d at 1023).
The defendant also failed to preserve for appellate review his contention that he was deprived of a fair trial due to the remarks made by the prosecutor during her opening statement and summation (see CPL 470.05[2]; People v Dien, 77 NY2d 885, 886; People v Morrow, 143 AD3d [*3]919, 921; People v Garner, 27 AD3d 764, 764). To the extent that any of the prosecutor's remarks were improper, they did not rise to the level of egregious misconduct that would have deprived the defendant of a fair trial (see People v Mason, 132 AD3d at 778; People v Gomez, 153 AD3d 724, 725-726; People v Portes, 125 AD3d 794, 794).
The sentence imposed was excessive to the extent indicated (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., SGROI, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court