People v Delvalle (2019 NY Slip Op 03806)





People v Delvalle


2019 NY Slip Op 03806


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-02271
 (Ind. No. 2664/14)

[*1]The People of the State of New York, respondent,
v
Eder L. Delvalle, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Timothy R. McGrath of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered January 28, 2016, convicting him of criminal contempt in the first degree, grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree, criminal mischief in the fourth degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The complainant and his partner lived in a studio apartment in the back of a house, which was owned by the defendant's mother, and the defendant lived in the front of the house. The complainant testified that on June 8, 2014, he arrived at home with his partner and proceeded through the gate into the backyard where the defendant and his friends had gathered. After the complainant did not completely close the gate to the backyard, the defendant began to yell at the complainant and call him "faggot." As the complainant tried to go into his apartment, he felt what he thought was a bottle hit him in the back, and the verbal confrontation became physical, with the complainant and the defendant wrestling on the ground. The complainant testified that the defendant punched the complainant in the face, and the complainant's partner called the police before pulling the defendant and the complainant apart.
The complainant also testified that the defendant then went into the house through the front door before returning to the scene of the confrontation with a knife. Another altercation between the defendant and the complainant ensued, during which the complainant's cell phone fell out of his hand and hit the ground. The complainant's partner and a friend of the defendant separated them before the police arrived. The responding officers noted that the complainant was bleeding and had some other minor injuries. The officers also recovered a knife from the stairs outside the house. The officers entered the house through the front door and recovered the complainant's cell phone, which had a shattered screen, in the "common area" near the entryway. A second incident occurred on August 22, 2014, when the complainant saw the defendant outside the complainant's apartment, in violation of an order of protection related to the first incident. The defendant attacked the complainant and tried to take his cell phone as he was trying to call the police.
Viewing the evidence in the light most favorable to the prosecution (see People v [*2]Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the fourth degree beyond a reasonable doubt. Upon the exercise of our factual review power (see CPL 470.15[5]), we are also satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by improper remarks made by the Supreme Court to the prospective jurors during voir dire (see CPL 470.05[2]; People v Cunningham, 119 AD3d 601, 601). Contrary to the defendant's contention, the court's alleged misconduct did not constitute a mode of proceedings error exempting the defendant from the rules of preservation (see People v Brown, 7 NY3d 880, 881; People v Mason, 132 AD3d 777, 779; People v Cunningham, 119 AD3d at 601-602; People v Casanova, 62 AD3d 88, 91-92). In any event, the remarks do not warrant reversal (see People v Mason, 132 AD3d at 779; People v Bailey, 66 AD3d 491, 491; People v Daniel, 37 AD3d 731, 732). However, we express our strong disapproval of the court's conduct in issuing certain remarks (see People v Lamb, 164 AD3d 1470, 1471-1472). In response to dismissed prospective jurors who indicated they could not speak English or demonstrated an inability to understand communications in English, the court made various remarks that the dismissed jurors should take or be required to take English language courses and seemed to make an official record with regard to one of the dismissed jurors' inability to understand English by telling the court clerk to note the same. With respect to other prospective jurors, who were excused for cause due to their inability to be impartial, the court made various comments on the record such as "we will indicate that [the prospective juror] should only serve on civil matters for the next several weeks," a statement that was unwarranted. We admonish that the court should discontinue this practice forthwith (see People v Lamb, 164 AD3d at 1471-1472).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court