People v Stephens (2020 NY Slip Op 07598)





People v Stephens


2020 NY Slip Op 07598


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-02347
 (Ind. No. 4800/16)

[*1]The People of the State of New York, respondent,
v
Taariq Stephens, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti
of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered January 16, 2018, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of manslaughter in the first degree, criminal possession of a weapon in the second degree, and endangering the welfare of a child relating to, inter alia, the fatal shooting of the then 16-year-old victim. At trial, the People introduced into evidence video surveillance footage, which depicted the defendant, while holding a firearm, forcing his way inside the victim's apartment and shooting her. In addition, the People presented evidence that, shortly after the shooting, the victim made certain statements to law enforcement officials, wherein she identified the defendant as her assailant. The victim's friend, who witnessed the incident, also identified the defendant as the person who shot the victim.
We agree with the Supreme Court's determination denying the defendant's request to instruct the jury with respect to manslaughter in the second degree as a lesser-included offense of intentional murder. Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence that would support a finding that the defendant acted recklessly when he shot the victim (see CPL 300.50[1]; People v Rivera, 23 NY3d 112, 124; People v Greene, 87 AD3d 551; People v Dickerson, 67 AD3d 700, 700-701).
We also agree with the Supreme Court's determination admitting into evidence the surveillance video footage and still images from the video, as the People presented sufficient evidence that the video and still images accurately represented the events being depicted (see People v Patterson, 93 NY2d 80, 84; People v Sonam, 180 AD3d 717, 719; People v Trowell, 172 AD3d 1112, 1113).
The defendant's contention regarding the admission of the victim's statements to the police is without merit. The defendant's right of confrontation was not violated, since the primary [*2]purpose in questioning the victim was to address an ongoing emergency, and the victim's statements were not testimonial in nature (see Davis v Washington, 547 US 813, 822; Crawford v Washington, 541 US 36, 53-54; People v Duhs, 16 NY3d 405; People v Nieves-Andino, 9 NY3d 12; People v Bradley, 8 NY3d 124).
The defendant's contention that the Supreme Court unlawfully imposed consecutive sentences with respect to the count of criminal possession of a weapon in the second degree and the count of manslaughter in the first degree is without merit. Here, the evidence, which included the video surveillance footage, supported the conclusion that the defendant possessed the weapon for a sufficient period of time before forming the specific intent to kill (see People v Malloy, 33 NY3d 1078, 1080; People v Brown, 21 NY3d 739, 751; People v Flowers, 102 AD3d 885, 886).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court