People v Essor (2026 NY Slip Op 01220)

People v Essor

2026 NY Slip Op 01220

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LILLIAN WAN
JAMES P. MCCORMACK
PHILLIP HOM, JJ.

2019-13711
 (Ind. No. 7784/17)

[*1]The People of the State of New York, respondent,
vRichard Essor, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Simcha Engelen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Riviezzo, J.), rendered October 24, 2019, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contentions that the Supreme Court erred in excusing, sua sponte, and prior to the voir dire, observant Jewish prospective jurors who would be unavailable to serve on the upcoming Jewish holidays without further inquiry (see CPL 470.05[2]; People v Hopkins, 76 NY2d 872, 873; People v Cunningham, 119 AD3d 601, 601). Contrary to the defendant's contention, the allegedly improper excusal of those jurors did not constitute a mode of proceedings error exempting him from the rules of preservation (see People v Augustus, 163 AD3d 981, 982; People v Cunningham, 119 AD3d at 601). In any event, the defendant's contentions are without merit (see People v Andolina, 23 AD3d 573, 574).
The defendant's contention that his sentence as a second violent felony offender (see Penal Law § 70.04) is unconstitutional is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge or otherwise contest his criminal history, including the relevant periods of incarceration, before the Supreme Court (see CPL 470.05[2]; People v Hernandez, 43 NY3d 591, 597; People v McGill, 243 AD3d 808, 808). We decline to review it in the exercise of our interest of justice jurisdiction (see People v McGill, 243 AD3d at 808; People v Munoz, 237 AD3d 1110, 1111).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., WAN, MCCORMACK and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court